MISSION CONSOLIDATED
INDEPENDENT SCHOOL
DISTRICT, Petitioner,

v.

Gloria GARCIA, Respondent.

Mission Consolidated Independent
School District, Petitioner,

v.

Melinda Sotuyo, Respondent.

Mission Consolidated Independent
School District, Petitioner,

v.

Deborah Medina, Respondent.

Nos. 05–0734, 05–0762, 05–0763.

Supreme Court of Texas.

March 28, 2008.

Rehearing Denied June 20, 2008.

**654**

David P. Hansen, Stephen Jon Moss, Schwartz & Eichelbaum, Dennis J. Eichelbaum, Frisco, Schwartz & Eichelbaum, P.C., Austin, for Petitioner.

Savannah Robinson, Law Office of Savannah Robinson, Danbury, Carlos Enrique Hernandez Jr., Law Offices of Carlos E. Hernandez, Jr., Edinburg, for Gloria Garcia, in No. 05–0734.

Savannah Robinson, Law Office of Savannah Robinson, Danbury, Carlos Enrique Hernandez Jr., Law Offices of Carlos E. Hernandez, Jr., Edinburg, for Melinda Sotuyo, in No. 05–0762.

Savannah Robinson, Law Office of Savannah Robinson, Danbury, Carlos Enrique Hernandez Jr., Law Offices of Carlos E. Hernandez, Jr., Edinburg, for Deborah Medina, in No. 05–0763.

Clay T. Grover, Feldman & Rogers, L.L.P., Houston, for Amicus Curiae Texas Association of School Boards Legal Assistance Fund in 05–0734.

Justice O'NEILL delivered the opinion of the Court.

In this case, three terminated school-district employees filed suit against the district and its superintendent alleging violations of the Texas Commission on Human Rights Act ("TCHRA") and various common-law claims that do not fit within the Texas Tort Claims Act's limited waiver of immunity. *See* TEX. CIV. PRAC. & REM. CODE § 101.021. We must decide whether the Tort Claims Act's election-of-remedies provision applies to the employees' claims. *See id.* § 101.106. We hold that the Act's election scheme governs all suits against a governmental unit, and that its application here bars all common-law recovery against the superintendent and the school district. However, in this case, the Act's election scheme does not bar the employees' recovery under the TCHRA because the Legislature has consented to suits against the government under the TCHRA, *see id.* § 101.106(b), and a suit that is based on the TCHRA is not one brought under the Tort Claims Act, *see id.* § 101.106(e). Accordingly, we affirm in part, and reverse in part, the court of appeals' judgment.

## I. Background

On February 19, 2003, the Mission Consolidated Independent School District ("the ISD") terminated the employment of three long-time employees, Gloria Garcia, Melinda Sotuyo, and Deborah Medina (collectively, "Garcia"). All three filed identical lawsuits against the ISD and H.F. "Jackie" Dyer, the ISD superintendent,

which have been consolidated on appeal. Garcia sued the ISD for discriminatory wrongful discharge in violation of the TCHRA. Tex. Lab.Code §§ 21.001–21.556. She also alleged common-law claims against the ISD and Dyer for intentional infliction of emotional distress and against Dyer for defamation, fraud, and negligent misrepresentation.

The ISD filed pleas to the jurisdiction contending Garcia's decision to sue both the ISD and its employee barred recovery against the ISD pursuant to section 101.106(b) of the Texas Tort Claims Act, which provides that the "filing of a suit against any employee of a governmental unit ... immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter." Tex. Civ. Prac. & Rem. Code § 101.106(b). The trial court denied the ISD's pleas, and the court of appeals affirmed. 166 S.W.3d 902, 903. We granted the ISD's petitions[1] to determine the scope of the Tort Claims Act's election-of-remedies provision and its effect on Garcia's claims.

## II. The Texas Tort Claims Act

■■■ Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money damages.[2] *Reata Constr. Corp. v. City of Dallas,* 197 S.W.3d 371, 374 (Tex. 2006). Such lawsuits "hamper governmental functions by requiring tax resources to be used for defending lawsuits and paying judgments rather than using those resources for their intended purposes." *Id.* at 375 (citing *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 854 (Tex. 2002)). Accordingly, we have long recognized that "no State can be sued in her own courts without her consent, and then only in the manner indicated by that consent." *Hosner v. DeYoung,* 1 Tex. 764, 769 (1847). Because the Legislature is better suited to balance the conflicting policy issues associated with waiving immunity, we look to pertinent legislative enactments to determine the extent to which immunity has been voluntarily relinquished. *See Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 695 (Tex. 2003). We interpret statutory waivers of immunity narrowly, as the Legislature's intent to waive immunity must be clear and unambiguous. *See* Tex. Gov't Code § 311.034.

The Texas Tort Claims Act provides a limited waiver of immunity for certain suits against governmental entities and caps recoverable damages. *See* Tex. Civ. Prac. & Rem.Code § 101.023. The Act generally waives governmental immunity to the extent that liability arises from the "use of a motor-driven vehicle or motor-

---

1. We have jurisdiction over these interlocutory appeals pursuant to sections 22.001(a)(2) and (e) of the Texas Government Code because there is inconsistency between the courts of appeals' interpretations of the Tort Claims Act's election-of-remedies scheme. *Compare Villasan v. O'Rourke,* 166 S.W.3d 752 (Tex.App.-Beaumont 2005, pet. denied) (applying section 101.106(e), which includes the phrase "under this chapter," to a claim in which immunity was not waived under the Tort Claims Act), *with Mission Consolidated Indep. Sch. Dist. v. Garcia,* 166 S.W.3d 902, 905 n. 4 (Tex.App.-Corpus Christi 2005, pet. filed) (noting that claims "under this chapter" only include common-law claims against the governmental unit for which sovereign immunity has been waived by the Tort Claims Act).

2. Sovereign immunity protects the State, state agencies, and their officers, while governmental immunity protects subdivisions of the State, including municipalities and school districts. *Harris County v. Sykes,* 136 S.W.3d 635, 638 (Tex.2004). However, both types of immunity afford the same degree of protection and both levels of government are subject to the Tort Claims Act. Tex. Civ. Prac. & Rem. Code § 101.001(3); *Sykes,* 136 S.W.3d at 638.

driven equipment" or from "a condition or use of tangible personal or real property." *Id.* § 101.021. For school districts, the Act's waiver is even narrower, encompassing only tort claims involving the use or operation of motor vehicles. *Id.* § 101.051.

After the Tort Claims Act was enacted, plaintiffs often sought to avoid the Act's damages cap or other strictures by suing governmental employees, since claims against them were not always subject to the Act. *See* Michael S. Hull et al., *House Bill 4 and Proposition 12: An Analysis with Legislative History, Part Three: Detailed Analysis of the Medical Liability Reforms,* 36 Tex. Tech L.Rev. 169, 290–93 (2005). To prevent such circumvention, and to protect governmental employees, the Legislature created an election-of-remedies provision. As originally enacted, section 101.106, entitled "Employees Not Liable After Settlement or Judgment," provided:

> A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim.

Act of May 17, 1985, 69th Leg., R. S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3305 (current version at Tex. Civ. Prac. & Rem. Code § 101.106). Employees were thus afforded some protection when claims against the governmental unit were reduced to judgment or settled, but there was nothing to prevent a plaintiff from pursuing alternative theories against both the employee and the governmental unit through trial or other final resolution.

In 2003, as part of a comprehensive effort to reform the tort system, the Legislature amended section 101.106. That section, entitled "Election of Remedies," now provides:

(a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

(b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

(c) The settlement of a claim arising under this chapter shall immediately and forever bar the claimant from any suit or recovery from any employee of the same governmental unit regarding the same subject matter.

(d) A judgment against an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit.

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or

before the 30th day after the date the motion is filed.

TEX. CIV. PRA C. & REM.CODE § 101.106. The revision's apparent purpose was to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable,[3] thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery. By requiring a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the Tort Claims Act or proceeding against the employee alone, section 101. 106 narrows the issues for trial and reduces delay and duplicative litigation costs. *See id.*

It is true, as Garcia claims, that the Tort Claims Act's election scheme is intended to protect governmental employees by favoring their early dismissal when a claim regarding the same subject matter is also made against the governmental employer. *See id.* § 101.106(e), (f). But it is equally true that by forcing plaintiffs to make an irrevocable election at the time suit is filed, the Legislature intended to reduce the delay and expense associated with allowing plaintiffs to plead alternatively that the governmental unit is liable because its employee acted within the scope of his or her authority but, if not, that the employee acted independently and is individually liable.

Under the Tort Claims Act's election scheme, recovery against an individual employee is barred and may be sought against the governmental unit only in three instances: (1) when suit is filed against the governmental unit only, *id.* § 101.106(a); (2) when suit is filed against both the governmental unit and its employee, *id.* § 101.106(e); or (3) when suit is filed against an employee whose conduct was within the scope of his or her employment and the suit could have been brought against the governmental unit, *id.* § 101.106(f). When suit is filed against the employee, recovery against the governmental unit regarding the same subject matter is barred unless the governmental unit consents to suit. *Id.* § 101.106(b). Because the decision regarding whom to sue has irrevocable consequences, a plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually.

In this case, Garcia sued both the ISD and its employee, Dyer. Against the ISD she alleged violations of the TCHRA, against the ISD and Dyer she alleged intentional infliction of emotional distress, and against Dyer alone she alleged defamation, negligent misrepresentation, and fraud. The ISD moved to dismiss the claims asserted against it pursuant to section 101.016(b), which provides that, unless the governmental unit consents, the filing of a suit against any employee of a governmental unit irrevocably bars the plaintiff's recovery against the governmental unit regarding the same subject matter. *Id.* The trial court denied the ISD's jurisdictional pleas, and the court of appeals affirmed, concluding that section 101.106 has no application in this case. 166 S.W.3d at 904–05. The court of appeals read subsection (a) of the election-of-remedies provision to only apply when the governmental unit alone is sued, subsection (b) to only apply when the employee alone is sued,

---

**3.** State agencies are required to indemnify their employees for litigation expenses if the employee's actions were within the course and scope of his or her employment. TEX. CIV. PRAC. & REM.CODE §§ 104.001, 104.002.

and subsection (e) to apply when both are sued simultaneously. *Id.* at 905. The court concluded that only subsection (e) could apply in this case because the ISD and Dyer were sued together. *See id.* The court then read subsection (e)'s express application to "suit[s] . . . filed under this chapter" to mean that, in order for the Tort Claims Act's election-of-remedies scheme to apply, the plaintiff's suit had to be one for which the Act actually waived immunity. *Id.* Because Garcia's suit against the ISD was not one for which the Act waives immunity, the court reasoned, section 101. 106 has no application. *Id.* We disagree with the court of appeals' narrow interpretation.

### III. Section 101.106

Garcia contends, and the court of appeals held, that only subsection (e) of section 101.106 could apply to Garcia's claims since the ISD and Dyer were sued together. We begin, then, by examining the effect subsection (e) would have on Garcia's suit if it were applied. Subsection (e) provides:

> If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

TEX. CIV. PRAC. & REM.CODE § 101.106(e).

The court of appeals reasoned that none of Garcia's claims were brought "under this chapter" because they did not fit within the Tort Claims Act's waiver, and therefore section 101.106(e) did not apply. 166 S.W.3d at 905. However, we have

never interpreted "under this chapter" to only encompass tort claims for which the Tort Claims Act waives immunity. To the contrary, in *Newman v. Obersteller,* 960 S.W.2d 621, 622–23 (Tex.1997), we held that former section 101.106's[4] limiting phrase "under this chapter" operated to bar an intentional tort claim against an employee after a final judgment on a claim involving the same subject matter had been rendered against the governmental unit, even though the Act by its terms expressly excluded intentional torts from the scope of the Act's immunity waiver. TEX. CIV. PRAC. & REM.CODE § 101.057(2) ("This chapter does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort. . . ."). *See also, e.g., Sykes,* 136 S.W.3d at 640 (applying section 101.106 to bar the plaintiff's claim against a governmental employee even though immunity was not waived under the Tort Claims Act for suit against the governmental unit); *Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 344 (Tex.1998) (dismissing suit against employee when both the employee and the governmental unit were sued based on negligence theories that were not within the Act's limited waiver); *Liu v. City of San Antonio,* 88 S.W.3d 737, 744 (Tex. App.-San Antonio 2002, pet. denied) (dismissing intentional tort claims against employee when the governmental unit had also been sued); *Flores v. Law,* 8 S.W.3d 785, 786–87 (Tex.App.-Houston [1st Dist.] 1999, pet. denied) (dismissing medical malpractice suit against employee when governmental unit had also been sued); *White v. Annis,* 864 S.W.2d 127, 132 (Tex.App.-

---

4. At the time, the former version of the statute applied and provided that "[a] judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim." Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3305 (current version at TEX. CIV. PRAC. & REM.CODE § 101.106).

Dallas 1993, writ denied) (dismissing negligent-training suit against employee when governmental unit was also sued). Although these cases construed the prior version of section 101.106, there is nothing in the amended version that would indicate a narrower application of the phrase "under this chapter" was intended. Because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be "under [the Tort Claims Act]" for purposes of section 101.106. *See Newman*, 960 S.W.2d at 622.

Having concluded that Garcia's tort claims are not excluded from section 101.106(e)'s application, we examine subsection (e)'s effect if it were applied to this case. Under subsection (e), Dyer would be entitled to dismissal of Garcia's suit against him upon the ISD's filing of a motion. The ISD has not sought Dyer's dismissal, however, and Dyer has not sought his own dismissal under subsection (f). *See* Tex. Civ. Prac. & Rem.Code § 101.106(f). But if the ISD had obtained Dyer's dismissal from the suit under subsection (e), all of Garcia's tort claims against the ISD would be barred because, as we have said, all tort theories of recovery alleged against a governmental unit are presumed to be "under the [Tort Claims Act]." *See id.* § 101.106(e). Garcia's suit under the TCHRA, however, is not "a suit filed under this chapter" and would not come within subsection (e)'s purview because the Tort Claims Act expressly provides that the remedies it authorizes "are in addition to any other legal remedies," and the TCHRA provides a statutory remedy for unlawful discrimination. *Id.* § 101.003. Claims against the government brought pursuant to waivers of sovereign immunity that exist apart from the Tort Claims Act are not brought "under [the Tort Claims Act]." In sum, if subsection (e) were applied to Garcia's suit and Dyer was dismissed, the only claim against the ISD that would survive would be Garcia's TCHRA claim.

■ The ISD contends, though, that subsection (e) is not the only provision of section 101. 106 that applies to Garcia's suit. The ISD relies upon section 101.106(b), which provides:

> The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

*Id.* § 101.106(b). The ISD argues that section 101.106(b) operates to bar Garcia's entire suit against the ISD because its employee, Dyer, was sued as well, which is all that subsection (b) requires. According to the ISD, if a plaintiff sues an employee of a governmental unit, whether alone or together with the governmental unit, subsection (b) bars "any suit" against the governmental unit regarding the same subject matter. In this case, the ISD contends, that includes Garcia's suit under the TCHRA. Under the ISD's view, the court of appeals erred in two ways: (1) by deciding that subsection (b) does not apply because the ISD and Dyer were sued together, and (2) by concluding that, if subsection (b) does apply, its bar is limited to suits for which the Tort Claims Act waives immunity.

We agree with the ISD that to the extent subsection (b) applies, it bars *any suit* against the governmental unit regarding the same subject matter, not just suits for which the Tort Claims Act waives immunity or those that allege common-law claims.

Unlike subsections (a), (c), (e), and (f) [5] of section 101.106, subsection (b) does not contain the limiting phrase "under this chapter." Since we give effect to all words in a statute, "under this chapter" must operate to make the scope of (a), (c), (e), and (f) different from that of (b). *See Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex.2000). Therefore, by subsection (b)'s literal terms, it applies to "any suit" brought against the governmental unit, provided the other subsection (b) requirements are met.

Subsection (b) expressly operates to bar suit or recovery against the governmental unit "unless the governmental unit consents." TEX. CIV. PRAC. & REM. CODE § 101. 106(b). Although the parties agree that the ISD itself did not consent to Garcia's suit, the manner in which the government conveys its consent to suit is through the Constitution and state laws. *See Wichita Falls*, 106 S.W.3d at 695 (citing *Cramer v. Sheppard*, 140 Tex. 271, 167 S.W.2d 147, 153–54 (1943); *Tex. Boll Weevil Eradication Found., Inc. v. Lewellen*, 952 S.W.2d 454, 465–66 (Tex.1997)). In *IT–Davy*, we stated unequivocally "that it is the Legislature's sole province to waive or abrogate sovereign immunity." 74 S.W.3d at 853.

Here, Garcia alleges that the Legislature waived the ISD's immunity in the TCHRA. The TCHRA defines "employer" to include "a county, municipality, state agency, or state instrumentality," TEX. LAB. CODE § 21.002(8)(D), and prohibits employers from engaging in discriminatory practices, *id.* § 21.051. Section 21.254 provides that, within sixty days after an employer receives notice of the right to file a civil action, "the complainant may bring a civil action against the respondent." *Id.* § 21.254. While this Court has not previously addressed the issue, all the courts of appeals that have considered it have concluded that the TCHRA clearly and unambiguously waives immunity, and we agree. *See, e.g., Dallas/Fort Worth Int'l Airport Bd. v. Funderburk*, 188 S.W.3d 233, 235 (Tex.App.-Fort Worth 2006, pet. granted, judgm't vacated w.r.m.); *Tex. Dep't of Criminal Justice v. Cooke*, 149 S.W.3d 700, 704 (Tex.App.-Austin 2004, no pet.); *Purdin v. Copperas Cove Econ. Dev. Corp.*, 143 S.W.3d 290, 293 n. 2 (Tex.App.-Waco 2004, pet. dism'd by agr.); *Sauls v. Montgomery County*, 18 S.W.3d 310, 315 (Tex. App.-Beaumont 2000, no pet.).

Thus, the Legislature, on behalf of the ISD, has consented to suits brought under the TCHRA, provided the procedures outlined in the statute have been met. Whether Garcia has taken the necessary procedural steps to perfect her right to sue under the TCHRA is a matter that the parties have not addressed. Nevertheless, because the Legislature has consented to suit under the TCHRA, section 101.106(b) of the Tort Claims Act would not operate to bar Garcia's suit or recovery against the ISD. In this case, then, under either subsections (b) or (e) of section 101.106 of the Tort Claims Act, Garcia's TCHRA claims against the ISD survive.

## IV. Conclusion

We hold that the Tort Claims Act's election-of-remedies provision applies to bar Garcia's common-law claims against the ISD, but does not bar her TCHRA claims. Accordingly, we affirm in part, and reverse in part, the court of appeals' judgment,

---

5. Section 101.106(f) contains a slightly different phrase. It states that the suit against the employee is to be dismissed when the suit "could have been brought under this chapter against the governmental unit." The interpretation of section 101.106(f) is not before us here and neither party argues that it applies to this case.

and remand to the trial court for further proceedings consistent with this opinion.