**Kachikwu ILLOH, M.D., Appellant,**

v.

**Damita CARROLL and Karen Butler, Individually and as Representatives of the Estate of James Carroll, Appellees.**

**No. 14–09–01001–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 5, 2010.

---

**2.** Having rendered a judgment of acquittal,     we do not reach appellant's remaining issues.

Charles B. Holm, Nancy Bolin Broaddus, Houston, for appellant.

Christopher Bradshaw–Hull, Houston, for appellees.

Panel consists of Justices YATES, SEYMORE, and BROWN.

**OPINION**

CHARLES W. SEYMORE, Justice.

Appellant, Kachikwu Illoh, M.D., files this interlocutory appeal from the trial court's orders denying his motion to dismiss and separately filed plea to the jurisdiction. Dr. Illoh contends the trial court erred by denying his motion to dismiss and his plea to the jurisdiction. We affirm the trial court's order denying Dr. Illoh's motion to dismiss but lack jurisdiction to consider the trial court's denial of his plea to the jurisdiction.

## I. BACKGROUND

On January 15, 2007, James Carroll was admitted to Memorial Hermann Hospital. Dr. Illoh, who was employed by governmental-entity University of Texas Health Science Center at Houston ("UTHSCH"), was Mr. Carroll's attending physician until January 22. Mr. Carroll was discharged from the hospital on February 16. Subsequently, he died on November 29, 2007, at a separate hospital. On March 31, 2009, Damita Carroll and Karen Butler, individually and as representatives of Mr. Carroll's estate ("appellees"), filed suit against Dr. Illoh and another doctor. Appellees allege that Mr. Carroll died from septicemia caused by bed sores which developed during his treatment at Memorial Hermann. Specifically, appellees claim Mr. Carroll's death was caused by Dr. Illoh's negligence in (1) "failing to implement appropriate care," (2) "treating a patient without possessing the requisite skill," (3) "failing to collaborate with Mr. Carroll's family," (4) "failing to properly supervise his care," and (5) "failing to obtain a reasonable and necessary consult."

Dr. Illoh filed a motion entitled "... Plea to the Jurisdiction and Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" in which he argued that the trial court lacked subject-matter jurisdiction because appellees failed to file suit within two years of Dr. Illoh's treatment of Mr. Carroll ("statute-of-limitations motion"). Additionally, Dr. Illoh filed a

motion to dismiss in which he argued that appellees were required to amend their petition to substitute Dr. Illoh for UTHSCH pursuant to the election-of-remedies provision in section 101.106(f). Tex. Civ. Prac. & Rem.Code Ann. § 101.106(f) (Vernon 2005). The trial court denied both motions, and Dr. Illoh timely filed this interlocutory appeal.

## II. Texas Civil Practice and Remedies Code Section 101.106(f)

We begin with Dr. Illoh's first and second issues in which he contends the trial court erred by denying his motion to dismiss pursuant to section 101.106(f). We have jurisdiction over this interlocutory appeal pursuant to section 51.014(a)(5) of the Texas Civil Practice and Remedies Code, which allows interlocutory appeals from denials of motions to dismiss pursuant to section 101.106, See Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(5) (Vernon 2008); *Phillips v. Dafonte*, 187 S.W.3d 669, 674–75 (Tex.App.-Houston [14th Dist.] 2006, no pet.).

### A. Standard of Review

Generally, we review a trial court's order pertaining to a motion to dismiss under an abuse-of-discretion standard. *Singleton v. Casteel*, 267 S.W.3d 547, 550 (Tex. App.-Houston [14th Dist.] 2008, pet. denied). However, the proper standard of review is determined by the substance of the issue rather than the type of motion considered by the trial court. *See In re Doe*, 19 S.W.3d 249, 253 (Tex.2000) (to determine proper standard of review, "we must determine whether the [issue] is a question of fact or of law"). Dr. Illoh's motion to dismiss presented an issue of statutory interpretation under section 101.106 of the Texas Tort Claims Act. Matters of statutory construction are reviewed *de novo*. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003).

In construing a statute, our primary goal is to determine and effectuate legislative intent. *Grimes County Bail Bond Bd. v. Ellen*, 267 S.W.3d 310, 316 (Tex.App.-Houston [14th Dist.] 2008, pet. denied) (*citing In re Canales*, 52 S.W.3d 698, 702 (Tex.2001) (orig. proceeding)). If a statute is clear and unambiguous, we need not resort to rules of construction. *Id.* We may consider, among other things, the statute's objectives and the consequences of a particular construction. *Id.* We try to give effect to all the words of a statute, treating none of its language as surplusage when reasonably possible. *Phillips v. Bramlett*, 288 S.W.3d 876, 880 (Tex.2009). We presume that every word of a statute has been included or excluded for a reason. *Old Am. County Mut. Fire Ins. Co. v. Sanchez*, 149 S.W.3d 111, 115 (Tex.2004).

### B. Election of Remedies under the Texas Tort Claims Act

The Texas Tort Claims Act ("TTCA") establishes a limited waiver of immunity for certain suits against governmental entities. The TTCA waives governmental immunity to the extent liability arises from the "use of a motor-driven vehicle or motor-driven equipment," or from "a condition or use of tangible personal or real property." Tex. Civ. Prac. & Rem.Code Ann. § 101.021 (Vernon 2005). To prevent litigants from circumventing the limits of the TTCA by suing government employees instead of governmental entities, the legislature provided several election-of-remedies provisions in section 101.106, including the following:

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

*(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only.* On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem.Code Ann. § 101.106(e), (f) (emphasis added). Therefore, to obtain dismissal under section 101.106(f), a government employee must establish the claims against him (1) are based on conduct performed within the general scope of his employment and (2) could have been brought under the TTCA against his government employer.

## C. Analysis

■ In his motion to dismiss, Dr. Illoh presented evidence supporting his contention that appellees' negligence suit is based on conduct that occurred while he was acting within the general scope of his employment with UTHSCH. In response, appellees argued that Dr. Illoh failed to establish the second prong of section 101.106(f) because he did not prove their claims could have been brought against UTHSCH. According to appellees, Dr. Illoh can only establish this prong by proving their negligence suit falls within the TTCA's limited waiver of immunity for claims arising from the condition or use of personal property. Indeed, in 2006, we held that government doctors were not entitled to dismissal under section 101.106(f) because they failed to establish that plaintiff's claims could be brought against the government employer under the TTCA's waiver of immunity. *See Phillips,* 187 S.W.3d at 675. Undaunted, Dr. Illoh argued below and now argues on appeal that the Texas Supreme Court's 2008 decision in *Mission Consolidated Independent School District v. Garcia,* 253 S.W.3d 653 (Tex.2008), effectively overruled the plaintiff's burden to show a waiver of sovereign immunity as recognized in cases such as *Phillips.*[1]

In *Garcia,* the plaintiffs filed suit against a school district and its superintendent, asserting, among other things, common-law negligence claims. *Id.* at 654. The trial court denied the school district's motion to dismiss pursuant to section 101.106. *Id.* at 655. In determining that section 101.106 did not apply, the court of appeals opined that only 101.106(e) could apply when a governmental entity and its employee were sued at the same time. *Mission Consol. Indep. Sch. Dist. v. Garcia,* 166 S.W.3d 902, 904–05 (Tex.App.-Corpus Christi 2005), *aff'd in part, rev'd in part,* 253 S.W.3d 653 (Tex.2008). The court of appeals held that section 101.106(e) did not apply, reasoning that plaintiffs' common-law negligence claims were not brought "under this chapter" because they did not fall within the TTCA's waiver of immunity. *Id.* at 905. The supreme court rejected this narrow interpre-

---

1. Before *Garcia,* several courts of appeals interpreted section 101.106(f) to require a showing that the plaintiff's claims were within the TTCA's limited waiver of immunity (including those courts that have since applied *Garcia* to section 101.106(f), see *infra* ). *See, e.g., Hall v. Provost,* 232 S.W.3d 926, 928 (Tex.App.-Dallas 2007, no pet.); *Kanlic v. Meyer,* 230 S.W.3d 889, 893–94 (Tex.App.-El Paso 2007, pet. denied); *Clark v. Sell ex rel. Sell,* 228 S.W.3d 873, 875 (Tex.App.-Amarillo 2007, pet. filed); *Williams v. Nealon,* 199 S.W.3d 462, 464–67 (Tex.App.-Houston [1st Dist.] 2006, pet. filed); *Franka v. Velasquez,* 216 S.W.3d 409, 412 (Tex.App.-San Antonio 2006, pet. granted).

tation of the phrase "under this chapter," concluding: "Because the [TTCA] is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the TTCA]' for purposes of section 101.106." *Garcia*, 253 S.W.3d at 659. The supreme court also noted, however, that it was not called upon to interpret the phraseology of section 101.106(f):

> Section 101.106(f) contains a slightly different phrase. It states that the suit against the employee is to be dismissed when the suit "could have been brought under this chapter against the governmental unit." The interpretation of section 101.106(f) is not before us here and neither party argues that it applies to this case.

*Id.* at 660 n. 5.

While acknowledging the supreme court's assertion that it was not asked to interpret the language in section 101.106(f), Dr. Illoh argues *Garcia's* interpretation of the phrase "under this chapter" is equally applicable to section 101.106(f). He contends appellees' negligence theories "could have been brought under" the TTCA for purposes of section 101.106(f), regardless of whether the TTCA actually provides a waiver of immunity for such theories, and he contends the legislative intent behind section 101.106 supports this position. He argues the legislature, by amending section 101.106, intended to persuade litigants to bring suit against governmental entities instead of suing government employees for the results of their work. He argues that the legislature's goal in section 101.106(f) includes expediting the litigation process by forcing litigants to choose whether to sue a governmental entity or its employee when the employee seeks dismissal. Finally, he argues that the amendments were intended to prevent scenarios where the trial

court must determine whether a government employee was sued in his individual or official capacity.

We have no doubt the legislature contemplated protection of government employees when it amended section 101.106. *See id.* at 656–57. Nevertheless, the legislature chose to include the phrase "could have been brought" in section 101.106(f), indicating that it did not intend for automatic dismissal of every claim filed against a government employee based on conduct he performed within the scope of his employment, but only for those claims that "could have been brought under [the TTCA] against the governmental unit...." Tex. Civ. Prac. & Rem.Code Ann. § 101.106(f). We must give effect to the statutory language selected by the legislature and presume the phrase "could have been brought" was included in subsection (f) and excluded from other subsections for a reason. *See Phillips*, 288 S.W.3d at 880; *Old Am. County*, 149 S.W.3d at 115. Clearly, suit can only be brought against a governmental entity when there is a waiver of immunity from suit. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex.2003) ("Immunity from suit prohibits suits against the State unless the State expressly consents to the suit."). By requiring a government employee to prove the plaintiffs claims "could have been brought" against his government employer, the legislature intended section 101.106(f) to apply only when the government employer has waived immunity. Because of the additional language in section 101.106(f), it is understandable that the supreme court specifically noted in *Garcia* that it was not interpreting section 101.106(f).

In the short time since *Garcia* was issued, two courts of appeals have applied the supreme court's interpretation of section 101.106(e)'s "under this chapter" lan-

guage to section 101.106(f)'s "could have been brought under this chapter" language. *See Kelemen v. Elliott*, 260 S.W.3d 518, 523–24 (Tex.App.-Houston [1st Dist.] 2008, no pet); *Castro v. McNabb*, 319 S.W.3d 721, 731 (Tex.App.-El Paso 2009, no pet.). However, the majority of courts of appeals have declined to reach a similar conclusion. *See Menefee v. Medlen*, 319 S.W.3d 868, 873–76 (Tex.App.-Fort Worth 2010, no pet. h.); *Reedy v. Pompa*, 310 S.W.3d 112, 117–19 (Tex.App.-Corpus Christi 2010, pet. filed); *Lieberman v. Romero*, No. 05-08-01636-CV, 2009 WL 3595128, at *2 (Tex.App.-Dallas Nov. 3, 2009, pet. filed) (mem. op.); *see also Leonard v. Glenn*, 293 S.W.3d 669, 681–85 (Tex. App.-San Antonio 2009, pet. filed) (determining, without reference to *Garcia*, that government employees need to show claims could have been brought against government employer under TTCA's limited waiver of immunity).[2] We believe those courts declining to apply *Garcia* to section 101.106(f) offer persuasive reasoning.

The Corpus Christi Court of Appeals held,

> [T]he phrase "could have been brought" [in section 101.106(f)] modifies the phrase "under this chapter." We conclude the phrase "could have been brought" unambiguously invokes the Tort Claims Act's limited waiver of immunity from suit and liability, and the Texas Supreme Court [in *Garcia*] did not intend to undo the scores of opinions holding otherwise.

*Reedy*, 310 S.W.3d at 119 (citation omitted).

The Fort Worth Court of Appeals reasoned: "[By] giving the language of subsection (f) its plain meaning, a suit that 'could have been brought under this chapter against a governmental unit' necessarily means a suit that falls within the TTCA's limited waiver of sovereign immunity." *See Menefee*, 319 S.W.3d at 875. Construing section 101.106(f) to require a government employee to prove the claims asserted against him are within the TTCA's waiver of immunity also "avoids an absurd consequence," because "requiring a plaintiff to dismiss the employee and to sue a governmental unit when the plaintiffs claims do not fall within the TTCA's limited waiver of immunity ... would constitute a statutory mandate requiring a plaintiff to file an un meritorious suit." *Id.*

■ Accordingly, we agree with those courts declining to apply *Garcia's* interpretation of section 101.106(e) to section 101.106(f). Furthermore, "[b]ecause the supreme court has neither addressed subsection 101.106(f) nor overruled the prior cases out of this Court addressing that section, we conclude we are bound by our own Court's precedent." *Lieberman*, 2009 WL 3595128, at *2. A government employee seeking dismissal under section 101.106(f) must prove the claims asserted against him could have been filed against his government employer because they fall within the TTCA's limited waiver of immunity. *See Phillips*, 187 S.W.3d at 675. Because Dr. Illoh has failed to fulfill this requirement, we overrule his first issue and affirm the trial court's order denying his motion to dismiss.

In his second issue, Dr. Illoh contends the trial court erred by refusing to dismiss this suit because appellees failed to amend their petition to include UTHSCH within thirty days after he filed a motion to dismiss under section 101.106(f). Because we conclude Dr. Illoh did not establish the

---

**2.** The supreme court has granted review of the issue of whether the "could have been brought under this chapter" language in section 101.106(f) requires a government employee to prove the claims meet the TTCA's waiver of immunity. *See Franka*, 216 S.W.3d at 413 (petition for review granted on April 18, 2008).

applicability of section 101.106(f), we overrule his second issue.

### III. INTERLOCUTORY ORDER DENYING PLEA TO THE JURISDICTION

In his third issue, Dr. Illoh contends the trial court erred by denying his plea to the jurisdiction. In his plea, Dr. Illoh argued that the trial court lacked jurisdiction over this case because appellees filed suit after the expiration of the two-year limitations period prescribed by section 74.251 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.251 (Vernon 2005). Appellees argue in their response brief that the trial court's interlocutory order denying Dr. Illoh's plea to the jurisdiction is not appealable.

■■■ Dr. Illoh contends we have jurisdiction over this issue pursuant to section 51.014(a)(8) of the Texas Civil Practice and Remedies Code, allowing for interlocutory appeal of a trial court's order granting or denying a *governmental unit's* plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon 2008). However, section 51.014(a)(8) is inapplicable because Dr. Illoh is not a governmental unit. *See Young v. Villegas*, 231 S.W.3d 1, 6–7 (Tex.App.-Houston [14th Dist.] 2007, pet. denied). Even if section 51.014(a)(8) is applicable to government employees, an interlocutory appeal would not be permitted. Dr. Illoh's contention that appellees failed to file suit within the limitations period prescribed in section 74.251 does not raise issue regarding the trial court's subject-matter jurisdiction; instead, it is an affirmative defense. *See Montgomery County v. Fuqua*, 22 S.W.3d 662, 668 (Tex. App.-Beaumont 2000, pet. denied) ("Section 51.014(a) ... does not authorize us to hear an appeal based on a statute of limitations defense"). "[A]n interlocutory appeal cannot be taken from the denial of a plea to the jurisdiction that does not raise an issue that can be jurisdictional." *Tex.*

*Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex.2004).

■■■ Additionally, Dr. Illoh may not appeal an interlocutory order pursuant to section 51.014(a)(5), which, as explained above, permits a government employee to file an interlocutory appeal from an order denying a motion for summary judgment based on immunity, because Dr. Illoh's plea to the jurisdiction is predicated on the statute of limitations under section 74.251, not immunity. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5).

■■■ Dr. Illoh also contends we have jurisdiction because appellees failed to send him timely notice of their claims, an issue he argues is a challenge to the trial court's subject-matter jurisdiction. Dr. Illoh argued and presented evidence in his plea to the jurisdiction that the limitations period under section 74.251 was not tolled because appellees did not comply with the notice requirements prescribed by section 74.051. *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.051 (Vernon 2005). "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against *a governmental entity.*" Tex. Gov't Code Ann. § 311.034 (Vernon Supp. 2009) (emphasis added). As expressed above, Dr. Illoh is not a governmental entity. Moreover, Dr. Illoh has not cited persuasive authority supporting his contention that notice pursuant to section 74.051 is a jurisdictional requirement under these facts.

Accordingly, we lack jurisdiction to review the trial court's order denying Dr. Illoh's plea to the jurisdiction.

### IV. CONCLUSION

We affirm the trial court's order denying Dr. Illoh's motion to dismiss but lack juris-

diction to consider the trial court's order denying Dr. Illoh's plea to the jurisdiction.