

NUMBER 13-09-00205-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CITY OF CORPUS CHRISTI,                                    Appellant,

v.

ANTHONY EBY, INDIVIDUALLY AND AS
NEXT FRIEND OF MARY V. EBY, A MINOR,
AND JESSICA FRENCHAK,                         Appellees.

## On appeal from the County Court at Law No. 1
## of Nueces County, Texas.

# CONCURRING MEMORANDUM OPINION

## Before Justices Garza, Vela, and Perkes
## Concurring Memorandum Opinion by Justice Garza

I recognize that the election of remedies provision in the Texas Tort Claims Act

(the "Act"), as interpreted by the Texas Supreme Court, compels the result reached by

the Court today. I write separately, however, to note that the supreme court appears to

have construed the Act without considering that an individual government employee, such as Vesely, may waive his own immunity by initiating suit.

Subsection (e) of the Act's election of remedies provision states that "[i]f a suit is *filed under this chapter* against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (Vernon 2011) (emphasis added). In *Mission Consolidated Independent School District v. Garcia*, the supreme court held:

> Because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be "under the Tort Claims Act" for purposes of section 101.106.

253 S.W.3d 653, 659 (Tex. 2008). The result of this assumption is that the Act's election scheme applies to "all tort theories alleged against a governmental unit," regardless of whether the claims at issue were actually brought pursuant to the Act's limited waiver of sovereign immunity. *Id.* Under this assumption, the trial court had no choice but to dismiss Eby's counterclaims against Vesely.

However, I believe the premise underlying the *Garcia* assumption—that "the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government," 253 S.W.3d at 659—is wrong. On the contrary, it is eminently possible that a governmental unit's immunity to common-law tort claims may be waived by means other than the limited waiver provided in the Act. Specifically, a governmental unit waives its immunity to certain common-law tort claims by initiating suit in the trial court. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 377 (Tex. 2006). When a governmental unit initiates a suit for damages, the unit waives its immunity for any

2

counterclaims which are "germane to, connected with, and properly defensive" to the matters on which the government unit based its claim. *Id.*

In the instant case, the entity initiating suit was not the City itself, but rather Vesely individually. Vesely is entitled to immunity from any suit brought against him in his individual capacity, if the suit arose from the good faith performance of Vesely's discretionary duties within the scope of his authority as a City employee. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex. 1994). It is likely that Vesely's actions, as alleged by Eby in his countersuit, fall under this definition. *See id.* Because Vesely is likely entitled to immunity for his official actions, as the City would be, it follows that he also must be held to the same standard as the City with respect to waiver by initiating suit. In other words, if a government employee initiates suit, the employee waives his immunity with respect to any counterclaims which are "germane to, connected with, and properly defensive" to the matters on which the employee based his claim. *See Reata*, 197 S.W.3d at 377.

Here, Eby's counterclaim arose from the very same facts as the defamatory remarks alleged in Vesely's petition; and the issue of whether those facts are true would be "properly defensive" to Vesely's claims. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995) (stating that truth of the alleged defamatory remarks is an affirmative defense in defamation suits). Accordingly, by filing suit for defamation, Vesely waived his immunity to Eby's counterclaim because the latter suit is "germane to, connected with, and properly defensive" to the former. Because Vesely waived his immunity by initiating suit, there is no reason to assume that Eby's counterclaim was brought under the Act's waiver provision. Thus, under these circumstances, the Act's

election of remedies provision should not apply.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (applying only to suits "filed under this chapter").

Nevertheless, we are bound to follow the supreme court's instruction that *all* common-law tort claims against the government are subject to the election of remedies scheme in the Tort Claims Act.  *See City of Mission v. Cantu*, 89 S.W.3d 795, 809 n.21 (Tex. App.–Corpus Christi 2002, no pet.) ("As an intermediate appellate court, we are bound to follow the expression of the law as stated by the Texas Supreme Court and leave changes in the law to that court or the legislature.")).  Unfortunately, the assumption can generate unjust results that the high Court may not have anticipated— such as here, where Vesely is permitted to sue Eby but Eby is forbidden from countersuing Vesely based on the same underlying facts.  I urge the supreme court to clarify or reconsider the applicability of the assumption mandated in *Garcia*, which I submit is inappropriate in the rare case where a counterclaim is brought after a government official initiates suit against a citizen.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
14th day of April, 2011.

4