NUMBER 13-09-00205-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

CITY OF CORPUS CHRISTI,                                                       Appellant,

 

v.

 

ANTHONY EBY, INDIVIDUALLY AND AS 

NEXT FRIEND OF MARY V. EBY, A MINOR, 

AND JESSICA FRENCHAK,                                                        Appellees.


                                                                                                                             

 

On appeal from the
County Court at Law No. 1

of Nueces County, Texas.

                                                                                                                             

 

CONCURRING MEMORANDUM
OPINION

 

Before Justices
Garza, Vela, and Perkes

Concurring Memorandum
Opinion by Justice Garza

 

            I recognize that the
election of remedies provision in the Texas Tort Claims Act (the “Act”), as
interpreted by the Texas Supreme Court, compels the result reached by the Court
today.  I write separately, however, to note that the supreme court appears to have
construed the Act without considering that an individual government employee,
such as Vesely, may waive his own immunity by initiating suit.

            Subsection (e) of the
Act’s election of remedies provision states that “[i]f a suit is filed under
this chapter against both a governmental unit and any of its employees, the
employees shall immediately be dismissed on the filing of a motion by the
governmental unit.”  Tex. Civ. Prac.
& Rem. Code Ann. § 101.106(e) (Vernon 2011) (emphasis added).  In Mission
Consolidated Independent School District v. Garcia, the supreme court held:

Because the Tort Claims Act is the
only, albeit limited, avenue for common-law recovery against the government,
all tort theories alleged against a governmental unit, whether it is sued alone
or together with its employees, are assumed to be “under the Tort Claims Act”
for purposes of section 101.106.

 

253 S.W.3d 653, 659 (Tex. 2008).  The
result of this assumption is that the Act’s election scheme applies to “all
tort theories alleged against a governmental unit,” regardless of whether the
claims at issue were actually brought pursuant to the Act’s limited waiver of
sovereign immunity.  Id.  Under this assumption, the trial court had no choice but to
dismiss Eby’s counterclaims against Vesely.

However, I believe the premise
underlying the Garcia assumption—that “the Tort Claims Act is the only,
albeit limited, avenue for common-law recovery against the government,” 253
S.W.3d at 659—is wrong.  On the contrary, it is eminently possible that a
governmental unit’s immunity to common-law tort claims may be waived by means
other than the limited waiver provided in the Act.  Specifically, a governmental
unit waives its immunity to certain common-law tort claims by initiating suit
in the trial court.  Reata Constr. Corp. v. City of Dallas, 197 S.W.3d 371, 377 (Tex. 2006). 
When a governmental unit initiates a suit for damages, the unit waives its
immunity for any counterclaims which are “germane to, connected with, and
properly defensive” to the matters on which the government unit based its claim. 
Id.

In the instant case, the entity
initiating suit was not the City itself, but rather Vesely individually. 
Vesely is entitled to immunity from any suit brought against him in his
individual capacity, if the suit arose from the good faith performance of Vesely’s
discretionary duties within the scope of his authority as a City employee.  City
of Lancaster v. Chambers, 883 S.W.2d 650, 654 (Tex. 1994).  It is likely
that Vesely’s actions, as alleged by Eby in his countersuit, fall under this
definition.  See id.  Because Vesely is likely entitled to immunity for
his official actions, as the City would be, it follows that he also must be
held to the same standard as the City with respect to waiver by initiating
suit.  In other words, if a government employee initiates suit, the employee waives
his immunity with respect to any counterclaims which are “germane to, connected
with, and properly defensive” to the matters on which the employee based his claim. 
See Reata, 197 S.W.3d at 377.

Here, Eby’s counterclaim arose from
the very same facts as the defamatory remarks alleged in Vesely’s petition; and
the issue of whether those facts are true would be “properly defensive” to
Vesely’s claims.  Randall’s Food Mkts., Inc. v. Johnson, 891 S.W.2d 640,
646 (Tex. 1995) (stating that truth of the alleged defamatory remarks is an
affirmative defense in defamation suits).  Accordingly, by filing suit for
defamation, Vesely waived his immunity to Eby’s counterclaim because the latter
suit is “germane to, connected with, and properly defensive” to the former. 
Because Vesely waived his immunity by initiating suit, there is no reason to
assume that Eby’s counterclaim was brought under the Act’s waiver provision. 
Thus, under these circumstances, the Act’s election of remedies provision
should not apply.  See Tex. Civ.
Prac. & Rem. Code Ann. § 101.106(e) (applying only to suits “filed
under this chapter”).

Nevertheless, we are bound to follow
the supreme court’s instruction that all common-law tort claims against
the government are subject to the election of remedies scheme in the Tort
Claims Act.  See City of Mission v. Cantu, 89 S.W.3d 795, 809
n.21 (Tex. App.–Corpus Christi 2002, no pet.) (“As an intermediate appellate
court, we are bound to follow the expression of the law as stated by the Texas
Supreme Court and leave changes in the law to that court or the legislature.”)). 
Unfortunately, the assumption can generate unjust results that the high Court may
not have anticipated—such as here, where Vesely is permitted to sue Eby but Eby
is forbidden from countersuing Vesely based on the same underlying facts.  I
urge the supreme court to clarify or reconsider the applicability of the
assumption mandated in Garcia, which I submit is inappropriate in the
rare case where a counterclaim is brought after a government official initiates
suit against a citizen.

 

 

DORI CONTRERAS GARZA

Justice

 

Delivered
and filed the 

14th
day of April, 2011.