Kachikwu ILLOH, M.D., Petitioner,

v.

Damita CARROLL and Karen Butler, Individually and as Representatives of the Estate of James Carroll, Respondents.

No. 10–0748.

Supreme Court of Texas.

June 24, 2011.

Nancy Bolin Broaddus, Smith & Smith, Charles B. Holm, Holm Bambace & McCabe LLP, Houston, for Kachikwu Illoh, M.D.

Christopher Bradshaw–Hull, Attorney at Law, Houston, for Damita Caroll.

PER CURIAM.

James Carroll suffered a stroke and received treatment from Dr. Kachikwu Illoh, an employee of The University of Texas Health Science Center—Houston (UTHSCH). After James Carroll died, allegedly because of septicemia caused by bed sores developed while under Illoh's care, Damita Carroll and Karen Butler sued Illoh and another doctor. Illoh moved to dismiss the suit under section 101.106(f) of the Texas Tort Claims Act, TEX. CIV. PRAC. & REM.CODE § 101.106(f), claiming that the suit was based on conduct within the general scope of his employment and could have been brought against UTHSCH.

The trial court denied Illoh's motion, and Illoh brought an interlocutory appeal under section 51.014(a)(5) and (8) of the Civil Practice and Remedies Code. The court of appeals held that Illoh did not show that Carroll and Butler's claims could have been brought against UTHSCH, a requirement of section 101.106(f), and therefore affirmed the trial court's denial of Illoh's motion to dismiss. 321 S.W.3d 711, 717 (Tex.App.-Houston [14th Dist.] 2010).

While this case has been pending on appeal, we decided *Franka v. Velasquez,* 332 S.W.3d 367 (Tex.2011), which held, among other things, that a tort action "could have been brought under" the Tort Claims Act even if that tort action does not fall within the Act's limited waiver of immunity. *Id.* at 375. In light of *Franka,* we grant Illoh's petition for review, and without hearing oral argument, reverse the court of appeals' judgment and remand the case to the court of appeals for further proceedings. TEX.R.APP. P. 59.1.