**Reversed and Rendered and Memorandum Opinion on Remand filed May 3, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-09-01001-CV

_____

## KACHIKWU ILLOH, M.D., Appellant

### V.

## DAMITA CARROLL AND KAREN BUTLER, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF JAMES CARROLL, Appellees

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-19832**

## M E M O R A N D U M   O P I N I O N   O N   R E M A N D

On original submission of this interlocutory appeal, our court (1) affirmed the trial court's order denying the motion to dismiss filed by appellant Kachikwu Illoh, M.D., and (2) determined we lacked jurisdiction to consider the trial court's denial of Dr. Illoh's plea to the jurisdiction. *Illoh v. Carroll*, 321 S.W.3d 711 (Tex. App.—Houston [14th Dist.] 2010), *rev'd*, 351 S.W.3d 862 (Tex. 2011) (per curiam).

After this court's opinion was issued, the Supreme Court of Texas decided *Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011), which is dispositive of the pivotal issue in this

appeal. Therefore, the supreme court granted Dr. Illoh's petition for review, reversed this court's judgment, and remanded to this court for consideration of the issues in light of *Franka*. *Illoh v. Carroll*, 351 S.W.3d 862 (Tex. 2011) (per curiam).

On remand, we apply *Franka*, reverse the trial court's denial of Dr. Illoh's motion to dismiss, and render judgment dismissing all claims against Dr. Illoh.

## I. BACKGROUND

On January 15, 2007, James Carroll was admitted to Memorial Hermann Hospital. Dr. Illoh, who was employed by governmental-entity University of Texas Health Science Center at Houston ("UTHSCH"), was Mr. Carroll's attending physician until January 22, 2007. Mr. Carroll was discharged from the hospital on February 16, 2007. On November 29, 2007, he died at a separate hospital.

On March 31, 2009, Damita Carroll and Karen Butler, individually and as representatives of the estate of James Carroll ("appellees"), sued Dr. Illoh and another doctor. Appellees allege Mr. Carroll's death was caused by Dr. Illoh's negligence in (1) "failing to implement appropriate care," (2) "treating a patient without possessing the requisite skill," (3) "failing to collaborate with Mr. Carroll's family," (4) "failing to properly supervise his care," and (5) "failing to obtain a reasonable and necessary consult."

Dr. Illoh filed a motion to dismiss in which he argued that appellees were required to amend their petition to substitute UTHSCH for Dr. Illoh pursuant to the election-of-remedies provision in section 101.106(f). Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f) (West 2011). Dr. Illoh also filed a plea to the jurisdiction based on separate grounds. The trial court denied both motions

## II. TEXAS CIVIL PRACTICE AND REMEDIES CODE SECTION 101.106(f)

We begin with Dr. Illoh's first and second issues in which he contends the trial court erred by denying his motion to dismiss pursuant to section 101.106(f). Dr. Illoh's

motion to dismiss presents an issue of statutory interpretation, which we review *de novo*. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003).

The Texas Tort Claims Act ("TTCA") establishes a limited waiver of immunity for certain suits against governmental entities. The TTCA waives governmental immunity to the extent liability arises from the "operation or use of a motor-driven vehicle or motor-driven equipment," or from "a condition or use of tangible personal or real property." Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 2011). To prevent litigants from circumventing the limits of the TTCA by suing governmental employees instead of governmental entities, the legislature provided several election-of-remedies provisions in section 101.106, including the following:

> (e) *If a suit is filed under this chapter* against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

> (f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and *if it could have been brought under this chapter* against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e), (f) (emphasis added). Therefore, to obtain dismissal under section 101.106(f), a governmental employee must establish the claims against him (1) are based on conduct performed within the general scope of his employment with a governmental employer and (2) could have been brought under the TTCA against his governmental employer.

We agree Dr. Illoh established that appellees' claims are based on Dr. Illoh's conduct performed within the general scope of his employment with UTHSCH. In his affidavit, Dr. Illoh averred, "When I treated [Mr. Carroll], I was employed as a full-time physician and Assistant Professor of Neurology at UTHSCH, and was wholly compensated by UTHSCH for my services. My treatment of Mr. Carroll was performed

3

in my capacity as an employee of UTHSCH, and was within the general scope of my employment with UTHSCH." Appellees did not contradict this evidence.

However, the parties dispute whether appellees' claims "could have been brought under" the TTCA against UTHSCH. In his first issue, Dr. Illoh contends any tort claim satisfies this prong. Contrarily, appellees argue this prong may be established only by proving that their negligence claims fall within the TTCA's limited waiver of immunity.

The parties rely heavily on the Supreme Court of Texas's decision in *Mission Consolidated Independent School District v. Garcia*. 253 S.W.3d 653 (Tex. 2008). In *Garcia*, the supreme court considered whether the phrase "suit filed under this chapter" as used in section 101.106(e) meant only those claims for which immunity is waived under the TTCA or all tort claims, regardless of whether they fall under the TTCA's immunity waiver. *Id.* at 658–59. The supreme court determined that the phrase refers to all tort claims: "Because the [TTCA] is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the TTCA]' for purposes of section 101.106." *Garcia*, 253 S.W.3d at 659. However, the supreme court also noted that it was not called upon to interpret the phraseology of section 101.106(f):

> Section 101.106(f) contains a slightly different phrase. It states that the suit against the employee is to be dismissed when the suit "could have been brought under this chapter against the governmental unit." The interpretation of section 101.106(f) is not before us here and neither party argues that it applies to this case.

*Id.* at 660 n.5.

On original submission, this court joined the majority of Texas courts of appeals by concluding that the *Garcia* court's broad interpretation of section 101.106(e) should not be extended to section 101.106(f) because the legislature included additional, more specific language in the latter section. *Illoh*, 321 S.W.3d at 716–17. We held, "By requiring a government employee to prove the plaintiff's claims 'could have been

brought' against his government employer, the legislature intended section 101.106(f) to apply only when the government employer has waived immunity." *Id.* at 716.

Nevertheless, in *Franka*, the supreme court disagreed, concluding that for purposes of section 101.106(f), a tort action "could have been brought under" the TTCA even if the tort action does not fall within the TTCA's limited waiver of immunity. 332 S.W.3d at 375–85. Applying this precedent, we hold that Dr. Illoh established the second prong of section 101.106(f) because appellees' negligence claims "could have been brought under" the TTCA. Accordingly, Dr. Illoh proved he was entitled to dismissal under section 101.106(f).

In his second issue, Dr. Illoh contends the trial court erred by refusing to dismiss appellees' claims because they failed to dismiss Dr. Illoh voluntarily within thirty days after he filed his motion to dismiss. As noted above, under section 101.106(f), "On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed." Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f). It is undisputed that appellees did not dismiss Dr. Illoh within thirty days after the motion was filed. Therefore, the trial court erred by failing to dismiss the suit against Dr. Illoh. *See Leonard v. Glenn*, No. 04-08-00200-CV, 2011 WL 3610420, at *1 (Tex. App.—San Antonio Aug. 17, 2011, no pet.) (mem. op.).

We sustain Dr. Illoh's first and second issues and render judgment dismissing appellees' suit against Dr. Illoh.[1]


/s/      Charles W. Seymore
         Justice

Panel consists of Justices Seymore, Boyce, and Mirabal.[2]

---

[1] We need not consider Dr. Illoh's third issue because our resolution of issues one and two is dispositive of this appeal.

[2] Senior Justice Margaret Garner Mirabal sitting by assignment.