

# NUMBER 13-16-00351-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

JOAN PRICE,                                                    Appellant,

v.

THE UNIVERSITY OF TEXAS AT
BROWNSVILLE TEXAS SOUTHMOST
COLLEGE,                                                       Appellee.

---

## On Appellant's Motion to Reinstate.

---

# ORDER

### Before Chief Justice Valdez and Justices Contreras and Hinojosa
### Order Per Curiam

On November 16, 2017, this Court handed down a memorandum opinion in this

appeal affirming the trial court's judgment. *See Price v. Univ. of Tex. at Brownsville Texas*

*Southmost College*, No. 13-16-00351-CV, 2017 WL 5505763 (Tex. App.—Corpus Christi

Nov. 16, 2017, no pet. h.) (mem. op.). We concluded that the trial court did not err in

denying appellant's petition for bill of review, by which she sought to vacate an earlier judgment denying reinstatement of her employment discrimination suit against appellee. *See id.* at \*4–5. Specifically, we held that the trial court lacked jurisdiction over appellant's underlying discrimination suit because, according to the record, the suit was not timely filed. *See id.*

Appellant has since sent several *pro se* letters to this Court disputing certain factual matters that concern the merits of her underlying discrimination suit. In two letters dated November 30, 2017, appellant asserted that there was a job posting listed on appellee's website for the 2010–2011 academic year and that our memorandum opinion therefore contained an "Error of Fact." In two letters dated December 29, 2017, appellant claimed that our memorandum opinion "is in error" because appellant was "the better scholar and candidate" for the 2010–2011 job opening. We construed appellant's second December 29, 2017 letter as a motion for rehearing, and we denied the motion on January 22, 2018. *See* Tex. R. App. P. 49.1.

In a letter dated January 13, 2018, appellant requested a "Motion for Review. Motion to Reinstate or Motion to Extend Time" to "respond to [this Court's] decision." In this letter, appellant again asserts that she was "the most qualified" candidate for the job opening. Appellant also disputes the qualifications of the candidate that was eventually hired and asks: "Without any of [the hired candidate's] records in hand why would the Court of Appeals Thirteenth District of Texas uphold this candidate's hire???" We construe appellant's January 13, 2018 letter as a motion to reinstate the appeal.

As we noted in our memorandum opinion in this matter, appellant's underlying employment discrimination suit was filed more than sixty days after she received notice

2

that her complaint with the Texas Workforce Commission (TWC) was dismissed. *See Price* 2017 WL 5505763, at \*5. Under the Texas Labor Code and controlling Texas Supreme Court precedent, a trial court lacks jurisdiction over a discrimination suit filed more than sixty days after a complainant receives such notice. *See id.* (citing TEX. LAB. CODE ANN. § 21.254 (West, Westlaw through 2017 1st C.S.); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 660 (Tex. 2008)). This remains the case even if appellant's factual assertions are true. That is, the trial court lacked jurisdiction over her discrimination suit even if there was an available job opening for which appellant was qualified, and even if the eventually-hired candidate was not qualified. Appellant's letters concern purely factual issues which we did not address in our memorandum opinion. Appellant is without further recourse in this Court. Therefore, appellant's motion to reinstate the appeal is DENIED. Any other pending motions are denied as moot.

Should appellant desire further review of this Court's memorandum opinion and judgment, she may file a petition for review with the Texas Supreme Court under Texas Rule of Appellate Procedure 53. Such a petition must be filed within 45 days after this Court ruled on appellant's motion for rehearing and must comply with Texas Rule of Appellate Procedure 53. *See* TEX. R. APP. P. 53.7(a)(2).

PER CURIAM

Delivered and filed the
25th day of January, 2018.