ACCEPTED
04-15-00075-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/16/2015 2:18:35 PM
KEITH HOTTLE
CLERK

**Cause No. 04-15-00075-CV**

---

**IN THE COURT OF APPEALS
FOURTH JUDICIAL DISTRICT OF TEXAS
AT SAN ANTONIO, TEXAS**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
03/16/2015 2:18:35 PM
KEITH E. HOTTLE
Clerk

---

**SAN ANTONIO HOUSING AUTHORITY**

**Appellant/Defendant,**

**v.**

**SERENTO APARTMENTS, LLC,**

**Appellee/Plaintiff.**

---

**ON APPEAL FROM
288TH JUDICIAL DISTRICT COURT
BEXAR COUNTY, TEXAS
CAUSE NO. 2014-CI-16503**

---

**APPELLANT'S BRIEF**

---

N. MARK RALLS
State Bar No. 16489200
Email: mralls@hfdlaw.com
APRIL Y. QUIÑONES
State Bar No. 24079167
Email: aquinones@hfdlaw.com
HOBLIT FERGUSON DARLING LLP
Bank of America Plaza
300 Convent Street, Suite 1450
San Antonio, Texas 78205
Telephone No. (210) 224-9991
Facsimile No. (210) 226-1544

*ATTORNEYS FOR APPELLANT,
SAN ANTONIO HOUSING AUTHORITY*

**ORAL ARGUMENT REQUESTED**

## TABLE OF CONTENTS

Names of the Parties and Their Counsel ...............................................................iv

Request for Oral Argument .................................................................................iv

List of Authorities............................................................................................. v

Brief of Appellant .............................................................................................. 1

I.      Statement of the Case ............................................................................. 1

II.     Statement of Jurisdiction ......................................................................... 2

III.    Issues Presented....................................................................................... 2

        1.  The trial court erred in denying the San Antonio Housing Authority's
            ("SAHA") Plea to the Jurisdiction because Plaintiff did not plead any
            facts nor provide evidence that would demonstrate a waiver of SAHA's
            governmental and sovereign immunity.

        2.  The trial court erred in denying SAHA's Plea to the Jurisdiction because
            the contract made the basis of Plaintiff's lawsuit was a "Housing
            Assistance Program Contract Pursuant to Section 8 Moderate
            Rehabilitation Program, which provides rental assistance for low
            income families," and it is not a contract "for providing goods or
            services to" the San Antonio Housing Authority, as defined by Texas
            Local Government Code, Section 271.151(2). Consequently, the limited
            waiver of governmental immunity from suit set forth in Texas Local
            Government Code, Section 271.152 does not apply to waive SAHA's
            governmental and sovereign immunity from suit on the contract.

IV.     Statement of Facts .................................................................................. 3

V.      Summary of the Argument ..................................................................... 5

VI.     Standard of Review Is De Novo.............................................................. 6

VII.    Arguments and Authorities ..................................................................... 8

        A. Plaintiff Alleged No Facts that SAHA's Entitlement to Immunity Is Waived .. 8

        B. Section 271.152's Waiver of Immunity Does Not Apply to Contract .............. 9

    1.  Government Acting as a Conduit of Federal Funds Does Not Constitute a Waiver of Immunity and Low-Income Housing is Not Considered a "Good" or "Service".......................................................................... 10

    2.  Contracts that Deal with Real Estate Do Not Waive Immunity.................. 11

    3.  Statute Waiving Governmental Immunity Must be Strictly Construed...... 11

VIII.  Prayer........................................................................................................ 13

Certificate of Service .................................................................................. 14

## NAMES OF THE PARTIES AND THEIR COUNSEL

Pursuant to and in compliance with Texas Rule of Appellate Procedure 38, the parties to this appeal are the following:

DEFENDANT/APPELLANT:      SAN ANTONIO HOUSING AUTHORITY

COUNSEL FOR DEFENDANT/      HOBLIT FERGUSON DARLING LLP
APPELLANT:      N. Mark Ralls
     April Y. Quiñones
     Bank of America Plaza
     300 Convent Street, Suite 1450
     San Antonio, Texas 78205
     Telephone No. (210) 224-9991
     Facsimile No. (210) 226-1544

PLAINTIFF/APPELLEE      SERENTO APARTMENTS, LLC

COUNSEL FOR PLAINTIFF/      LAW OFFICE OF JAMES A. RICKERSON
APPELLEE:      James A. Rickerson
     111 E. Euclid
     San Antonio, Texas 78212
     Telephone No. (210) 363-2399
     Facsimile No. (210) 734-8097

## REQUEST FOR ORAL ARGUMENT

Pursuant to Texas Rule of Appellate Procedure 39, Appellant respectfully requests oral argument in this case.

# LIST OF AUTHORITIES

**Cases:**

*Bexar Metro. Water Dist. v. Educ. & Econ. Dev. Joint Venture*, 220 S.W.3d 25 (Tex. App.—San Antonio 2006, pet. dism'd) ................................................................... 11

*Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547 (Tex. 2000) .............................................. 6

*City of Galveston v. State*, 217 S.W.3d 466 (Tex. 2007) ................................................. 8, 12

*City of Houston v. Jackson*, 192 S.W.3d 764 (Tex. 2006) .................................................. 12

*City of Houston v. Northwood Mun. Utility Dist. No. 1*, 73 S.W.3d 304 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) ................................................................... 8

*City of San Antonio v. Reed S. Lehman Grain, Ltd.*, No. 04-04-00930-CV, 2007 Tex. App. LEXIS 632, 2007 WL 752197 (Tex. App.-San Antonio 2007, pet. denied) ........... 11

*C.L. Westbrook, Jr., v. Penley*, 231 S.W.3d 389 (Tex. 2007) .............................................. 6

*Cnty. of Cameron vs. Brown*, 80 S.W.3d 549 (Tex. 2002) ................................................... 7

*E. Houston Estate Apts., L.L.C. v. City of Houston*, 294 S.W.3d 723 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ................................................................... 10

*Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, Inc., 39 S.W.3d 591 (Tex. 2001) ............ 8

*Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653 (Tex. 2008) ........................ 12

*Somerset Indep. Sch. Dist. v. Casias*, No. 04-07-00829-CV, 2008 Tex. App. LEXIS 2895, 2008 WL 1805533 (Tex. App.—San Antonio 2008, pet. denied) ........................ 11

*State v. Holland*, 221 S.W.3d 639 (Tex. 2007) .................................................................. 6

*Tex. Ass'n. of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440 (Tex. 1993) ..................... 6, 7, 8

*Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583 (Tex. 2001) ........................... 6, 8, 9

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004) ....................... 6, 7

*Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636 (Tex. 1999) .................................................. 8

*Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849 (Tex. 2002).............. 8

*Tooke v. City of Mexia,* 197 S.W.3d 325 (Tex. 2006) ...................................................... 8, 12

*Wichita Falls State Hospital v. Taylor*, 106 S.W.3d 692 (Tex. 2003) ............................... 12

**Statutes and Rules:**

TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) ...................................................... 2

TEX. GOV'T CODE § 311.034............................................................................................ 8

TEX. LOC. GOV'T CODE § 271.151 ................................................................. ii, 3, 4, 5, 9, 10

TEX. LOC. GOV'T CODE § 271.152 ............................................ ii, 3, 4, 5, 6, 9, 10, 11, 12

TEX. LOC. GOV'T CODE § 271.153 ........................................................................... 13

TEX. R. APP. P. 28.1 ...................................................................................................... 2

TEX. R. APP. P. 38 ...................................................................................................... iv

TEX. R. APP. P. 38.1 ................................................................................................... 1

TEX. R. APP. P. 39 ...................................................................................................... iv

**IN THE COURT OF APPEALS**
**FOURTH JUDICIAL DISTRICT OF TEXAS**
**AT SAN ANTONIO, TEXAS**

**SAN ANTONIO HOUSING AUTHORITY**

  **Appellant/Defendant,**

**v.**

**SERENTO APARTMENTS, LLC,**

  **Appellee/Plaintiff.**

**ON APPEAL FROM**
**288TH JUDICIAL DISTRICT COURT**
**BEXAR COUNTY, TEXAS**
**CAUSE NO. 2014-CI-16503**

**APPELLANT'S BRIEF**

TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF APPEALS:

Appellant, SAN ANTONIO HOUSING AUTHORITY ("SAHA" or "Appellant" or "Defendant" hereafter) files this Brief of Appellant pursuant to Texas Rule of Appellate Procedure 38.1 and would respectfully show the following:

**I.**
**STATEMENT OF THE CASE**

This is an interlocutory appeal in a case involving a breach of contract claim. Appellee sued SAHA alleging that SAHA breached provisions of a federal Housing Assistance Program contract pursuant to the Section 8 Moderate Rehabilitation Program

1

between Appellant and Appellee, Serento Apartments, LLC ("Serento" or "Appellee" or "Plaintiff" hereafter) that relate to alleged notice requirements and renewal of said contract. *See* C.R. at 1–5.[1] SAHA appeals an order by the Honorable Stephani A. Walsh, Judge of the 45th Judicial District Court of Bexar County, Texas, dated January 22, 2015, denying San Antonio Housing Authority's Plea to the Jurisdiction and alternative Motion to Dismiss based on the defense of governmental and sovereign immunity of SAHA. C.R. at 32.

## II.
## STATEMENT OF JURISDICTION

This Honorable Court has jurisdiction over this interlocutory appeal pursuant to Texas Civil Practice and Remedies Code Section 51.014(a)(8) and Texas Rule of Appellate Procedure 28.1. SAHA filed its Plea to the Jurisdiction and Alternative Motion to Dismiss on the basis it is protected by governmental and sovereign immunity from suit for breach of contract, except to the extent immunity has been clearly and specifically waived by the Texas Legislature. C.R. at 6–7. Since there has been no waiver of immunity for Plaintiff's suit or the allegations giving rise to Plaintiff's suit against SAHA, the trial Court lacks jurisdiction. *Id.*

## III.
## ISSUE PRESENTED

The trial court erred in denying the San Antonio Housing Authority's ("SAHA") Plea to the Jurisdiction because Plaintiff did not plead any facts nor provide evidence that

---

[1] Citations to the District Clerk's Record will be "C.R.," and citations to the Court Reporter's Record will be "R.R." Furthermore, all citations to the District Clerk's Record refer to the record filed February 24, 2015.

would demonstrate a waiver of SAHA's governmental and sovereign immunity.

Further, the trial court erred in denying SAHA's Plea to the Jurisdiction because the contract made the basis of Plaintiff's lawsuit was a "Housing Assistance Program Contract Pursuant to Section 8 Moderate Rehabilitation Program, which provides rental assistance for low income families," and it is not a contract "for providing goods or services to" the San Antonio Housing Authority, as defined by Texas Local Government Code, Section 271.151(2). Consequently, the limited waiver of governmental immunity from suit set forth in Texas Local Government Code, Section 271.152 does not apply to waive SAHA's governmental immunity from suit on the contract.

## IV.
## STATEMENT OF FACTS

SAHA and Serento entered into a federal Housing Assistance Program ("HAP") contract pursuant to the Section 8 Moderate Rehabilitation Program ("Mod Rehab"), which provided rental assistance for low-income families.[2] C.R. at 2 and 24. The HAP Program is overseen by the United States Department of Housing Development ("HUD") and administered locally by SAHA. *Id.*

Pursuant to the Mod Rehab program contract, SAHA would refer low-income families eligible for participation through the program to Appellee for occupancy of one of Appellee's apartment units. *Id.* Approved and selected tenants would then enter into a separate Apartment Lease Contract with Appellee. *Id.* The contract between SAHA and Serento was renewable each year for a one-year period. C.R. at 2 and 25. Pursuant to the

---

[2] While Plaintiff indicated that the contract at issue was attached as an exhibit to Plaintiff's Original Petition and subsequently filed an amended petition, no contract was ever filed by Plaintiff. See C.R. at 1–5 and 23–30.

3

contract, Serento was required to maintain its apartment units in accordance with certain housing quality standards and SAHA could refuse to renew the contract with Serento if SAHA or HUD determine that Serento engaged in material adverse financial or managerial actions or omissions. *Id.* SAHA would conduct an annual inspection of Plaintiff's premises for the purpose of ensuring compliance with the contract. C.R. at 3 and 27.

Plaintiff filed suit against SAHA alleging breach of the federal Housing Assistance Program contract pursuant to the Section 8 Moderate Rehabilitation Program. C.R. at 1–5. SAHA filed its Answer, Subject to its Plea to the Jurisdiction, generally denying all of the Plaintiff's allegations, and asserting specific denials and defenses. C.R. at 6–10.

The Texas Legislature has provided a very limited waiver of immunity from suit involving an alleged breach of contract by a local governmental entity to include a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity. TEX. LOC. GOV'T CODE §§ 271.151(2)(A), 271.152. Because Plaintiff did not plead any facts to support a waiver of SAHA's immunity and because the contract made the subject of Plaintiff's suit is not a contract where the essential terms involved Serento providing goods or services directly to SAHA, SAHA filed its Plea to the Jurisdiction on November 6, 2014. C.R. at 6–10. Plaintiff never filed a response to Defendant's Plea. *See* C.R. at 42–44. On January 22, 2015, Plaintiff filed its First Amended Original Petition. C.R. at 23–30. In its First Amended Petition, Plaintiff did not plead any new facts nor provide any evidence to

4

demonstrate that the contract at issue was one for goods and services provided by Serento to SAHA. *Compare* C.R. at 1–5 *with* 23–30. Between Plaintiff's Original Petition and First Amended Petition, the factual allegations remained unchanged. Rather, Plaintiff merely added a paragraph, stating that "[t]he Court ha[d] jurisdiction over this breach of contract suit because the Texas Legislature waived Defendant's immunity form [sic] suit when it enacted Texas Local Government Code [§] 271.152," along with amending a title heading to read "Breach of Contract Pursuant to Local Government Code 271.152." C.R. at 23–24. The Honorable Stephani A. Walsh, Judge of the 45th Judicial District Court of Bexar County, Texas, denied San Antonio Housing Authority's Plea to the Jurisdiction on January 22, 2015. C.R. 32. This interlocutory appeal followed.

## V.
## SUMMARY OF THE ARGUMENT

The trial court erred in denying SAHA's Plea because Plaintiff's pleadings are devoid of any facts or evidence that SAHA waived its entitlement to governmental and sovereign immunity.

Furthermore, there is no waiver of sovereign and governmental immunity with respect to Plaintiff's claims.

The trial court erred in denying SAHA's Plea because there is no waiver of sovereign and governmental immunity with respect to Plaintiff's claims.

Because the Contract at issue is not a contract wherein the essential terms are "for providing goods or services to" SAHA, it is not a contract subject to Texas Local Government Code Section 271.151(2). Consequently, the limited waiver of governmental

5

immunity from suit set forth in Texas Local Government Code Section 271.152 does not apply to waive SAHA's governmental immunity from suit on the Contract.

Because SAHA did not waive its governmental immunity with respect to Plaintiff's claims, the Court should reverse the order of the trial court and render judgment for SAHA on its Plea.

## VI.
## STANDARD OF REVIEW

Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus, is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to determine the subject matter of the action. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000). A party suing a governmental entity bears the burden of affirmatively showing that the trial court has jurisdiction to hear the cause. *Tex. Dep't of Criminal Justice v. Miller,* 51 S.W.3d 583, 587 (Tex. 2001). A plea to the jurisdiction raises a question of law reviewed *de novo* on appeal. *C.L. Westbrook, Jr., v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007); *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d at 226–27.

The determination of whether a trial court has subject-matter jurisdiction begins with the pleadings. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d at 226–27. The pleader has the initial burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction to hear the cause. *Id.* (citing *Tex. Ass'n. of Bus. v. Tex. Air Control Bd.*,

6

852 S.W.2d 440, 446 (Tex. 1993)). Whether the pleader has met this burden is also a question of law, reviewed *de novo. Id.*

A plea to the jurisdiction can challenge either the pleadings or the existence of jurisdictional facts. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d at 226–27. When a plea challenges the plaintiff's pleadings, the determination hinges on whether the pleader has alleged sufficient facts to demonstrate the court's subject-matter jurisdiction over the case. *Id.* The court construes the pleadings liberally in the plaintiff's favor and looks to the pleader's intent. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d at 446.

When the plea challenges the existence of jurisdictional facts, it is appropriate for the court to consider evidence relevant to the jurisdictional issue(s) submitted by the parties. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d at 227. When the pleadings neither allege sufficient facts nor demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded an opportunity to amend. *Cnty. of Cameron vs. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). If the pleadings affirmatively negate jurisdiction, then the plea to the jurisdiction may be granted without leave to amend. *Id.*

In this case, because appellee's pleadings lacked any facts to support a waiver of SAHA's immunity, and instead, affirmatively negated the trial court's subject-matter jurisdiction to consider its claims, the trial court should have granted SAHA's Plea to the Jurisdiction or Alternative Motion to Dismiss.

7

# VII.
# ARGUMENTS AND AUTHORITIES

**A.  Plaintiff Alleged No Facts that SAHA's Entitlement to Immunity is Waived**

SAHA is a public housing authority organized pursuant to the laws and Constitution of the State of Texas. As such, it is a local governmental entity and enjoys governmental immunity from suit in the performance of its governmental functions unless that immunity has been waived by the legislature in clear and unambiguous language. *City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007); *Tooke v. City of Mexia*, 197 S.W.3d 325, 343–44 (Tex. 2006); TEX. GOV'T CODE § 311.034. The Plaintiff always bears the burden to allege facts which affirmatively demonstrate the court's jurisdiction to hear the case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d at 446. In a suit against a governmental entity, because immunity from suit defeats a trial court's subject-matter jurisdiction, the burden is upon the plaintiff to affirmatively plead a clear and unambiguous Legislative waiver of immunity from suit on each of its claims. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999);*Gen. Servs. Comm'n v. Little-Tex Insulation Co., Inc.*, 39 S.W.3d 591, 594 (Tex. 2001);*Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 854–5 (Tex. 2002). The failure of a plaintiff to meet this burden deprives the trial court of subject-matter jurisdiction to consider the claim. *See Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d at 586–87; *City of Houston v. Northwood Mun. Utility Dist. No. 1*, 73 S.W.3d 304, 313 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).

Moreover, mere reference to a statute which contains a limited waiver of immunity from suit is not sufficient to confer jurisdiction upon the trial court. *Tex. Dep't of Criminal*

*Justice v. Miller*, 51 S.W.3d at 586–87. The facts alleged by a plaintiff as the basis of its claim, must fit within the limited waiver of immunity provided by the statute, or the allegation of waiver is insufficient. *Id.*

In both its original and first amended petition, Plaintiff clearly did not provide sufficient facts, yet alone any facts, to support a waiver of SAHA's immunity; specifically, that the contract in question was one where the essential terms involved Serento providing goods or services directly to SAHA. *See* C.R. at 1–5 and 23–30. In an insufficient attempt to invoke jurisdiction, Plaintiff filed a First Amended Petition that merely added a paragraph, stating that "[t]he Court ha[d] jurisdiction over this breach of contract suit because the Texas Legislature waived Defendant's immunity form [sic] suit when it enacted Texas Local Government Code [§] 271.152" along with amending a title heading to read "Breach of Contract Pursuant to Local Government Code 271.152." *Compare* C.R. at 1–5 *with* 23–30. For the foregoing reasons, the trial Court erred in denying SAHA's Plea to the Jurisdiction.

**B.    Section 271.152's Waiver of Immunity Does Not Apply to Contract**

Section 271.152 provides that "[a] local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter." TEX. LOC. GOV'T CODE § 271.152. Section 271.151(2) defines a "[c]ontract subject to this subchapter" as "a written contract stating *the **essential** terms of the agreement for*

9

*providing goods or services to the local governmental entity* that is properly executed on behalf of the local governmental entity." *Id*. § 271.151(2) (emphasis added).

### 1. Government Acting as a Conduit of Federal Funds Does Not Constitute a Waiver of Immunity and Low-Income Housing is Not considered a "Good" or "Service"

The central purpose of the Contract at issue was to facilitate federal funds to a private entity, Serento, on behalf of low-income families. SAHA, in its governmental function and capacity, was merely a conduit of federal funds and no goods or services were provided directly by Serento to SAHA. *See E. Houston Estate Apts., L.L.C. v. City of Houston*, 294 S.W.3d 723, 736–37 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (rejecting apartment owner's argument that the City's immunity was waived as the owner was providing a service to the City—low income housing).

Furthermore, the "services" being provided under a contract must be directly provided to and directly benefit the governmental entity. *See id.* at 736 (concluding that while the City would benefit in a general way from apartment owner providing availability of more housing for low income families, such a benefit is an indirect and attenuated one and Section 271.152's waiver did not apply).

Here, the essential terms and central purpose of the contract was for Serento to provide apartment units that met housing quality standards to low income families. C.R. at 2 and 24–25. In no way did SAHA receive any type of service or benefit directly under the contract. Rather, the benefit of the federal funds received, pursuant to the contract, ran directly from the federal government to Serento, not SAHA. *See* C.R. at 2 and 24–25. Because SAHA, pursuant to the contract, is merely acting as a conduit of federal funds and

10

because providing low-income housing is not considered a "good" or "service" under the statute, SAHA's entitlement to immunity is not waived.

### 2. Contracts that Deal with Real Estate Do Not Waive Immunity

The Section 8 contract in question is a contract that deals with the lease of real estate, i.e., Serento's apartment units, to low income families, wherein SAHA would pay a portion of the family's monthly rent, via the federal Housing Assistance Program, directly to Serento. C.R. 2 and 24–25. This Court has already concluded that contracts that deal with the lease of real estate are not included within Section 271.152's waiver of immunity. *See Bexar Metro. Water Dist. v. Educ. & Econ. Dev. Joint Venture*, 220 S.W.3d 25, 31–32 (Tex. App.—San Antonio 2006, pet. dism'd); *see also Somerset Indep. Sch. Dist. v. Casias*, No. 04-07-00829-CV, 2008 Tex. App. LEXIS 2895, 2008 WL 1805533, at *3 (Tex. App.—San Antonio 2008, pet. denied) (holding that section 271.152 did not waive immunity with respect to the contract because the earnest money contract itself was for the sale of land; the services at issue were a condition to closing); *City of San Antonio v. Reed S. Lehman Grain, Ltd.*, No. 04-04-00930-CV, 2007 Tex. App. LEXIS 632, 2007 WL 752197, at *2 n.2 (Tex. App.-San Antonio 2007, pet. denied) (noting section 271.152 not applicable to claim for breach of easement dedication contract because it conveyed an interest in real property and was not an agreement for providing goods and services). Because the contract in issue deals with the lease of real estate, there is no waiver of SAHA's immunity.

### 3. Statute Waiving Governmental Immunity Must be Strictly Construed

Governmental immunity is a jurisdictional bar to suits against local governmental entities, absent a Legislative waiver of that immunity. *City of Galveston v. State*, 217 S.W.3d at 569-71; *Tooke v. City of Mexia*, 197 S.W.3d at 334. Any such waiver must be "clearly and unambiguously stated." *Tooke v. City of Mexia*, 197 S.W.3d at 336–43. Statutes waiving governmental immunity are strictly construed. *City of Houston v. Jackson*, 192 S.W.3d 764, 770 (Tex. 2006); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) ("We interpret statutory waivers of immunity narrowly, as the Legislature's intent to waive immunity must be clear and unambiguous.") Texas courts generally resolve ambiguities by retaining immunity. *Wichita Falls State Hospital v. Taylor*, 106 S.W.3d 692, 697 (Tex. 2003).

Serento has represented that the "service" it provided to SAHA was managing and maintaining its own apartment complex units. *See* R.R. P. 7/L. 24 – P. 8/L. 3 and P. 17/L. 25 – P. 18/L. 14. However, the Serento apartment complex was neither owned nor operated by SAHA. Accordingly, to the extent Serento's employees or contractors managed, maintained, and/or repaired its own apartment units, Serento was doing so in furtherance of its own interests, not as a "service" to SAHA.

Serento's position impliedly invites this Court to construe the limited waiver in Texas Local Government Code Section 271.152 liberally, rather than strictly, as required by numerous decisions of the Texas Supreme Court. *City of Houston v. Jackson*, 192 S.W.3d at 770; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d at 655. A review of Subchapter I of Chapter 271 of the Texas Local Government Code shows that the statute

12

was intended to be for the benefit of contractors who sell goods or services to local governmental entities. For example, the kinds of damages available under Texas Local Government Code Section 271.153 are limited to "the balance due and owed by the local government entity under the contract" and "the amount owed for change orders or additional work the contractor is directed to perform by a local governmental entity in connection with the contract." TEX. LOC. GOV'T CODE § 271.153(a)(1)–(2). The Legislature never intended the limited waiver of the statute to reach a contract where a claimant can merely point to some incidental act that it claims to have performed, and which could, under a strained construction, be interpreted to be a "good" or "service" to the local governmental entity. Because Plaintiff has alleged no facts in its pleadings nor provided evidence to support a waiver of SAHA's immunity, the trial Court erred in denying SAHA's Plea to the Jurisdiction and Motion to Dismiss.

## VIII.
## PRAYER

Appellant, SAN ANTONIO HOUSING AUTHORITY, respectfully prays this Court reverse the trial court's Order of January 22, 2015, denying SAHA's Plea to the Jurisdiction and dismiss Plaintiff's suit against SAHA for want of subject matter jurisdiction. Appellant prays for such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

_____
N. MARK RALLS
State Bar No. 16489200
Email: mralls@hfdlaw.com
APRIL Y. QUIÑONES
State Bar No. 24069756
Email: aquinones@hfdlaw.com
HOBLIT FERGUSON DARLING LLP
Bank of America Plaza
300 Convent Street, Suite 1450
San Antonio, Texas 78205
Telephone No. (210) 224-9991
Facsimile No. (210) 226-1544

*ATTORNEYS FOR APPELLANT,*
*SAN ANTONIO HOUSING AUTHORITY*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon counsel of record via Certified Mail, Return Receipt Requested #7014 1200 0001 2447 4340, on this 16th day of March, 2015.

James A. Rickerson
Law Office of James A. Rickerson
111 E. Euclid
San Antonio, Texas 78212
*Counsel for Plaintiff/Appellee*


By: _____
N. MARK RALLS

14