CITY OF DALLAS, Texas, Appellant,

v.

JILL HERZ, P.C., Appellee.

No. 05–11–00785–CV.

Court of Appeals of Texas, Dallas.

March 20, 2012.

Rehearing Overruled April 20, 2012.

Patricia M. Medrano, Barbara E. Rosenberg, City of Dallas Attorney's Office, Dallas, for Appellant.

David Tijerina, Jill Berni Herz, Barry Glen Johnson, Jill Herz, Attorney at Law, P.C., Dallas, for Appellee.

Before Justices MOSELEY, FITZGERALD, and MYERS.

## OPINION

Opinion By Justice MYERS.

The City of Dallas brings this interlocutory appeal of the trial court's order denying the City's plea to the jurisdiction to Jill Herz, P.C.'s claim for attorney's fees under section 417.003 of the Texas Labor Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (West Supp.2011); TEX. LAB. CODE ANN. § 417.003 (West 2006). The City brings two issues on appeal asserting the trial court erred in denying its plea to the jurisdiction because there was no waiver of governmental immunity for Herz to recover attorney's fees against the City. We reverse the trial court's order denying the plea to the jurisdiction, we render judgment granting the plea to the jurisdiction, and we remand the cause to the trial court for further proceedings.

## BACKGROUND

Clifford Beamon was a firefighter employed by the City. Beamon was injured in the course of duty in an automobile accident with Robert Hosea, and the City paid Beamon worker's compensation benefits of $48,418.20. Beamon retained Herz as his attorney to pursue his claims against Hosea. Beamon agreed to pay Herz one-third of all money collected. Herz secured a settlement with Hosea's insurer for $100,000.

When an employee receiving worker's compensation benefits recovers from a third party for his injury, the employee must reimburse the employer's worker's compensation insurance carrier for the benefits. TEX. LAB.CODE ANN. § 417.002(a) (West 2006). The insurance carrier receiving reimbursement from the funds recovered from the third party must pay a fee and a proportionate share of expenses to the employee's attorney as agreed between the attorney and the carrier. If the carrier and the attorney cannot agree on the fee and expenses, then the trial court awards the attorney a reasonable fee and proportionate share of expenses out of the carrier's recovery. The fee awarded by the trial court may not exceed one-third of the carrier's recovery. *See id.* § 417.003(a).

Herz contacted the City to determine if it had a claim for reimbursement for the benefits it paid Beamon, and the City notified Herz it sought reimbursement of $48,418.20. Herz asked the City to agree to accept $32,152, which was the reimbursement amount less one third for Herz's fee (approximately $16,139) and less forty-eight percent of the $265 expenses (about $127). The City refused to agree to Herz's fee and expenses, stating Herz had not provided documentation to support them. When Herz and the City could not reach an agreement, Beamon and Herz filed suit requesting the court to award a reasonable attorney's fee and expenses.

The City filed a plea to the jurisdiction asserting the suit was barred by governmental immunity. The trial court denied the plea as to Herz's claim for attorney's fees under chapter 417 of the Labor Code but granted it as to any other claim by Herz and Beamon for attorney's fees.[1]

---

1. Herz and Beamon did not appeal the grant of the plea to the jurisdiction on their claims outside chapter 417. The record does not show the trial court dismissed the claims on which it sustained the plea to the jurisdiction or that it severed any of the claims. It appears the entire case remains pending in the trial court subject to the stay imposed by section 51.014(b) of the Civil Practice & Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(b) (West Supp.2011).

The City timely brought this interlocutory appeal.

## PLEA TO THE JURISDICTION

In its first issue, the City contends the trial court erred by denying its plea to the jurisdiction. In its second issue, the City asserts that the Texas Labor Code does not provide a waiver of sovereign immunity for a suit for attorney's fees against the City.

We review the trial court's ruling on a plea to the jurisdiction under a de novo standard. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 228 (Tex.2004). If the plea challenges the sufficiency of the claimant's pleadings, the trial court must construe the pleadings liberally in the claimant's favor and deny the plea if the claimant has alleged facts affirmatively demonstrating jurisdiction to hear the case. If the pleadings are insufficient, the court should afford an opportunity to replead if the defects are potentially curable but may dismiss if the pleadings affirmatively negate the existence of jurisdiction. *Id.* at 226–27.

## GOVERNMENTAL IMMUNITY

The City argues the trial court erred in determining the City waived its immunity to suit under section 417.003. Governmental immunity exists to protect the government from lawsuits and liability for money damages. *Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 655 (Tex.2008); *Reata Constr. Corp. v. City of Dallas,* 197 S.W.3d 371, 374 (Tex. 2006). "Such lawsuits 'hamper governmental functions by requiring tax resources to be used for defending lawsuits and paying judgments rather than using those resources for their intended purposes.'" *Garcia,* 253 S.W.3d at 655 (quoting *Reata Constr. Corp.,* 197 S.W.3d at 375). In Texas, governmental immunity deprives a trial court of subject matter jurisdiction for suits against governmental units unless the government consents to suit. *Miranda,* 133 S.W.3d at 224.

Chapter 504 of the Labor Code permits political subdivisions, including municipalities, to participate in the worker's compensation system. The municipality·may act as its own insurer. *See* Tex. Lab.Code Ann. § 401.011(27)(D) (West Supp.2011), § 504.011(1) (West 2006). Section 504.002 states that certain provisions of the Worker's Compensation Act apply to political subdivisions, including most portions of chapter 401 and all of chapter 417, "except to the extent that they are inconsistent with this chapter." *Id.* § 504.002(a)(1), (9) (West 2006). Section 504.053(e) states, "Nothing in this chapter waives sovereign immunity or creates a new cause of action." *Id.* § 504.053(e).

In construing statutes, we do not find a waiver of immunity "unless the waiver is effected by clear and unambiguous language." Tex. Gov't Code Ann. § 311.034 (West Supp.2011). The waiver is clear when a statute provides, "sovereign immunity to suit is waived." *See Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 697 (Tex.2003). When these "magic words" are absent, courts apply certain factors to determine whether the legislature clearly and unambiguously waived immunity:

- the waiver must be "beyond doubt";
- ambiguities are resolved in favor of retaining immunity;
- waiver will be found if the statute requires joinder of the governmental entity in a lawsuit for which immunity would otherwise attach; and
- a waiver is accompanied with simultaneous measures to insulate public resources from the reach of judgment creditors.

*Id.* at 697–98.

For a waiver to be "beyond doubt," it does not have to be a model of

clarity. *Id.* at 697. Immunity may be waived when a provision would be meaningless unless immunity were waived. *Id.* at 697, 700. Section 417.003 applies to private worker's compensation insurance carriers as well as self-insuring governmental entities. Even if governmental immunity bars claims against self-insuring political subdivisions, attorneys will still be able to recover reasonable attorney's fees when the insurance carrier is not a self-insured political subdivision. Thus, section 417.003 will not be rendered meaningless by a decision that immunity is not waived. *See id.* at 700. Section 417.003 does not waive the City's immunity "beyond doubt."

We next consider whether the statute is ambiguous concerning any waiver of immunity. Section 417.003 requires a court to award an attorney's fee out of an insurance carrier's recovery, and section 401.011 defines "insurance carrier" as including "a governmental entity that self-insures" such as the City. *See* TEX. LAB. CODE ANN. §§ 401.011(27)(D), 417.003(a). Chapters 401 and 417 are incorporated into chapter 504, and section 504.053(e) clearly provides that nothing in chapter 504, which includes the incorporation of chapters 401 and 417, "waives sovereign immunity." Read in context, the provisions are susceptible to only one meaning, that there is no waiver of sovereign immunity.

The next factor, whether joinder of the government is required, also favors immunity. Section 417.003 does not require joinder of the governmental entity. *See Taylor,* 106 S.W.3d at 701.

On the final factor, the supreme court stated that a "reliable guidepost" for whether the legislature intended to waive immunity is whether the statute contains provisions explicitly protecting the public treasury from the consequences of the waiver. *See id.* Section 417.003 limits the attorney's fee from the insurance carrier

to one third of the recovery, but no provision explicitly protects governmental entities. *See* TEX. LAB.CODE ANN. § 417.003; *Taylor,* 106 S.W.3d at 701.

We conclude that none of the four aids set forth in *Taylor* support a waiver of immunity in this case.

Herz argues that the City waived its immunity by seeking reimbursement under section 417.002 for the benefits paid to Beamon. Herz relies on the supreme court's opinion in *Reata Construction Corp. v. City of Dallas,* 197 S.W.3d 371 (Tex.2006). In that case, Reata was a subcontractor on a construction contract with the City. Reata punctured a water main, flooding a building, and was sued by the building's owner and tenants. Reata filed a third-party claim for negligence against the City, and the City intervened in the suit alleging a negligence claim against Reata. The City then filed a plea to the jurisdiction asserting Reata's claims were barred by governmental immunity. *Id.* at 373. The supreme court held that the City waived its immunity to suit and liability by filing the suit for damages against Reata. *Id.* at 377. That waiver of immunity from suit was limited to Reata's claims against the City "which were connected to, germane to, and properly defensive to the matters on which the City based its claim for damages." *Id.* The waiver of liability was limited to the City's recovery on its claims. *Id.* Herz argues, "Because the [C]ity sought affirmative relief from Beamon and Herz, the [C]ity should not have immunity from suit." However, the waiver of immunity from suit in *Reata* occurs only "where the governmental entity has joined into the litigation process by asserting its own affirmative claims for monetary relief." *Reata,* 197 S.W.3d at 376. In this case, the City had not "joined into the litigation process by asserting its own affirmative claims for

monetary relief." Instead, it asserted, outside the litigation process, a statutory right to reimbursement of its compensation payments, which did not waive its immunity under *Reata*. *See Cooper v. City of Dallas*, No. 05–05–00102–CV, 2006 WL 234234, at *2 (Tex.App.-Dallas Feb. 1, 2006, pet. denied) (mem. op.).

Herz argues that a ruling that Herz's claim is barred will result in a decrease in settlements and an increase in litigation because "claimants will not have the protection of being able to seek a judicial remedy if they believe a political subdivision has unjustly refused to compromise its claim." The potential for a reduction in settlements and an increase in litigation, however, does not demonstrate a clear and unambiguous waiver of immunity. Those concerns should be addressed to the legislature, and not the courts, "because the Legislature is better suited to address the conflicting policy issues involved" in governmental immunity. *Reata*, 197 S.W.3d at 375.

We conclude the trial court erred in denying the City's plea to the jurisdiction as to Herz's claim for attorney's fees under chapter 417. We sustain the City's first and second issues.

## CONCLUSION

We reverse the trial court's order denying the City's plea to the jurisdiction as to Herz's claim for attorney's fees under chapter 417 of the Labor Code, and we render judgment sustaining the City's plea to the jurisdiction on that claim. We remand the cause to the trial court for further proceedings consistent with this Court's opinion.