**Opinion issued January 28, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00235-CV

———————————

**CITY OF HOUSTON AND SEAN DAVID COUGHLEN, Appellants**

**V.**

**YVONNE TRAN, Appellee**

---

**On Appeal from the 152nd District Court**
**Harris County, Texas**
**Trial Court Case No. 2024-00184**

---

## MEMORANDUM OPINION

Sean David Coughlen appeals from the trial court's interlocutory order denying Coughlen's Rule 91a motion to dismiss Yvonne Tran's negligence claim against him. In a single issue, Coughlen contends that the trial court was required

to dismiss Tran's negligence claim against him under the election-of-remedies provision of the Texas Tort Claims Act (the TTCA).[1]  We disagree.

We affirm the trial court's order.

## Background

This lawsuit arises from a motor vehicle accident resulting in alleged injuries and damages to Tran.  Tran alleges that she was traveling at the intersection of La Branch Street and Pierce Street in downtown Houston, when "[s]uddenly and without warning, [Coughlen] disregarded a stop and go signal in a City of Houston police department vehicle which caused a collision with the vehicle occupied by [Tran]."  Tran alleged that the officer investigating the accident attributed fault solely to the acts and omissions of Coughlen.  As a result of the accident, Tran alleged she sustained personal injuries.

Tran sued both Coughlen and the City—alleging that Coughlen was an employee of the City, who was "operating a City of Houston law enforcement vehicle in the course and scope of his employment" with the City at the time of the accident.  Tran also alleged that the acts of the City and Coughlen gave rise to a waiver of immunity from suit and liability under section 101.021(1) of the TTCA. *See* TEX. CIV. PRAC. & REM. CODE § 101.021(1).  Tran alleged that Coughlen would

---

[1]     *See* TEX. CIV. PRAC. & REM. CODE § 101.106.

2

be personally liable to her for his negligent acts under Texas law if he was a private person. *See id.* § 101.021(1)(B).

The City answered, asserting a general denial and several affirmative defenses. Coughlen did not file an answer. Instead, Coughlen moved to dismiss Tran's claims against him under Texas Rule of Civil Procedure 91a. *See* TEX. R. CIV. P. 91a. Citing to section 101.106 of the election-of-remedies provision of the TTCA, Coughlen argued that by suing both the City and Coughlen, Tran "irrevocably elected her remedy and is forever barred from suing Coughlen individually."[2] Thus, Coughlen asserted that pursuant to Rule 91a, Tran's claims against him have no basis in law and must be dismissed.

Tran filed a response to Coughlen's Rule 91a motion. Tran stated that she offered to non-suit Coughlen if the City would enter into a Rule 11 agreement confirming that Coughlen was acting within the course and scope of his employment at the time of the accident and that the City would agree to vicariously defend Coughlen. The City refused.

---

[2] *See* TEX. CIV. PRAC. & REM. CODE § 101.106(a) ("The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.").

The trial court denied Coughlen's Rule 91a motion to dismiss. And this appeal followed.[3]

**Appellate Jurisdiction**

Although neither party contends that this Court lacks appellate jurisdiction, we have a duty to examine our own jurisdiction. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004). The order from which Coughlen appeals is an interlocutory order. This Court has jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998).

This Court generally does not have jurisdiction over an appeal from an interlocutory order denying a Rule 91a motion to dismiss. *See Hung v. Davis*, No. 01-20-00746-CV, 2022 WL 1008805, at *2 (Tex. App.—Houston [1st Dist.] Apr. 5,

---

[3]    We note that the notice of appeal appears to have been filed by both the City and Coughlen. Additionally, the City and Coughlen filed a joint opening appellants' brief. But to the extent that the City has attempted appeal from the trial court's order denying Coughlen's Rule 91a motion, we lack jurisdiction over that attempted appeal. "[A]n appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000). The Rule 91a motion, brought by Coughlen only and not joined by the City, sought to dismiss Tran's claims against Coughlen individually. The order denying that motion does not mention the City or dispose of any of Tran's claims against the City. Although the order is adverse to Coughlen, it does not affect the City's rights. Accordingly, because the City lacks standing to appeal from that order, we lack subject matter jurisdiction over the City's attempted appeal. *See id.* We notified the City of our intent to dismiss its appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a). The City does not object to dismissal of its appeal. We therefore dismiss the City's attempted appeal for want of jurisdiction. *See id.*

4

2022, no pet.) (mem. op.); *see also Krause v. Mayes*, 652 S.W.3d 880, 885 (Tex. App.—Houston [14th Dist.] 2022, no pet.). However, an order denying a Rule 91a motion may be the subject of an interlocutory appeal if its component rulings fall within the categories of appeals authorized by section 51.014 of the Civil Practice and Remedies Code. *Hung*, 2022 WL 1008805, at *2.

Here, the notice of appeal states that "Coughlen desires to appeal the denial of his Rule 91a Motion to Dismiss pursuant to Civil Practice and Remedies Code § 51.014(a)(5)." Section 51.014(a)(5) permits an appeal from an interlocutory order in which a trial court "denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." TEX. CIV. PRAC. & REM. CODE § 51.014(a)(5).

For the purposes of our appellate jurisdiction, it is not determinative that Coughlen sought dismissal of Tran's claim against him by filing a motion to dismiss rather than a motion for summary judgment, as referenced in Section 51.014(a)(5). Our supreme court has recognized that "an appeal may be taken from orders denying an assertion of immunity, as provided in section 51.014(a)(5), regardless of the procedural vehicle used." *Austin State Hosp. v. Graham*, 347 S.W.3d 298, 301 (Tex. 2011).

The only basis for dismissal asserted by Coughlen in his Rule 91a motion was the TTCA's election-of-remedies provision. *See* TEX. CIV. PRAC. & REM. CODE

§ 101.106(a), (e).  By invoking TTCA's election-of-remedies provision, Coughlen raised the issue of his immunity. *See Franka v. Velasquez*, 332 S.W.3d 367, 371 n.9 (Tex. 2011) (describing "the character of [sections 101.106] as one conferring immunity"); *Hung*, 2022 WL 1008805, at *3.  Thus, even though this appeal arises from a Rule 91a motion and not a summary judgment motion, we have appellate jurisdiction over Coughlen's appeal. *See Austin State Hosp*, 347 S.W.3d at 301; *Hung*, 2022 WL 1008805, at *3.

We therefore turn to the merits of Coughlen's appeal.

## TTCA Election of Remedies

Coughlen argues that the trial court erred by denying his Rule 91a motion to dismiss Tran's negligence claim against him because "[t]he filing of her lawsuit against [the City] constituted 'an *irrevocable election*' that immediately and forever bars any suit 'against any individual employee of the governmental unit' as a matter of law." (Citing TEX. CIV. PRAC. & REM. CODE § 101.106(a)).

### A.    Standard of Review

Rule 91a provides a mechanism for early dismissal of a cause of action that has no basis in law or fact. TEX. R. CIV. P. 91a.1.  "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.*  We generally review the

6

merits of a Rule 91a motion de novo. *See City of Dall. v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam).

We look only to "the pleading of the cause of action, together with any pleading exhibits" and do not consider any other part of the record. TEX. R. CIV. P. 91a.6; *see Sanchez*, 494 S.W.3d at 724 ("Whether the dismissal standard is satisfied depends 'solely on the pleading of the cause of action.'"). We construe the pleadings liberally in favor of the plaintiff, look to the plaintiff's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. *Stallworth v. Ayers*, 510 S.W.3d 187, 190 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (citing *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

Here, Coughlen's Rule 91a motion raised an issue of immunity as conferred by Section 101.106 of the TTCA. *See Singleton v. Casteel*, 267 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2008, pet. denied); *see Franka*, 332 S.W.3d at 371 n.9. If immunity applies, the trial court lacks subject matter jurisdiction over Tran's negligence claim against Coughlen. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004).[4] Subject matter jurisdiction is a

---

[4] *See Hung v. Davis*, No. 01-20-00746-CV, 2022 WL 1008805, at *2 (Tex. App.—Houston [1st Dist.] Apr. 5, 2022, no pet.) (mem. op.); *see also City of Webster v. Myers*, 360 S.W.3d 51, 54–55 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (recognizing section 101.106 is jurisdictional statute involving waiver of immunity).

question of law which we review de novo. *Id.* at 226. Likewise, matters of statutory construction are reviewed under a de novo standard. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003).

## B.    Applicable Law

The state and certain governmental units are entitled to sovereign or governmental immunity, which deprives a trial court of subject matter jurisdiction, unless the state waives immunity by consenting to suit. *See* TEX. GOV'T CODE § 311.034; *Miranda*, 133 S.W.3d at 224. The TTCA provides a limited waiver of this immunity. *See* TEX. CIV. PRAC. & REM. CODE §§ 101.001–.109; *see also Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008).

Section 101.021(1) of the TTCA provides:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

> (B) the employee would be personally liable to the claimant according to the Texas law[.]

TEX. CIV. PRAC. & REM. CODE § 101.021(1).

"After the [TTCA] was enacted, plaintiffs often sought to avoid the [TTCA's] damages cap or other strictures by suing governmental employees, since claims

8

against them were not always subject to the Act." *Garcia*, 253 S.W.3d at 656. To prevent such circumvention and to protect governmental employees, the Legislature enacted a comprehensive election-of-remedies provision, section 101.106, which "requires a plaintiff to decide on a theory of tort liability before suit is even filed." *Univ. of Tex. Health & Sci. Ctr. at Hous. v. Rios*, 542 S.W.3d 530, 536 (Tex. 2017); *see* TEX. CIV. PRAC. & REM. CODE § 101.106.

The election-of-remedies provision requires a plaintiff to "decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." *Garcia*, 253 S.W.3d at 657. "This early-election requirement 'reduce[s] the delay and expense associated with allowing plaintiffs to plead alternatively that the governmental unit is liable because its employee acted within the scope of his or her authority but, if not, that the employee acted independently and is individually liable." *Rios*, 542 S.W.3d at 536–37 (quoting *Garcia*, 253 S.W.3d at 657).

In this appeal, we are concerned with subsections 101.106(a) and (e). They provide:

> (a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.
>
> . . . .

9

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

TEX. CIV. PRAC. & REM. CODE § 101.106(a), (e).

## C.    Analysis

Coughlen argues that section 101.106(a) bars Tran's claims against him because she sued both the City and Coughlen resulting in "an irrevocable election" that "immediately and forever bars any suit or recovery" against Coughlen. *See id.* § 101.106(a). In that situation, according to Coughlen, section 101.106(e) requires that the employee—i.e., Coughlen—"shall immediately be dismissed on the filing of a motion by the governmental unit." *See id.* § 101.106(e). Therefore, under Coughlen's reading of section 101.106(a) and (e), he asserts Tran's suit has no basis in law and he is entitled to be dismissed as a matter of law. Considering the appropriate standard of review and procedural posture of this case, we disagree.

We first consider the applicability of section 101.106(a). As noted above, subsection (a) contemplates a bar to suit "against any individual employee." *Id.* § 101.106(a); *Ledesma v. City of Houston*, 623 S.W.3d 840, 847 (Tex. App.—Houston [1st Dist.] 2020, pet. denied). The Texas Supreme Court has recognized that while a suit "against a government employee in his official capacity is a suit against his government employer," a suit against an employee "in his individual capacity" is a suit seeking personal liability. *Franka*, 332 S.W.3d at 382–83. Thus,

10

the supreme court has held that the plain language of section 101.106 "demonstrates that a suit against the government triggers subsection (a) and bars suit against an employee who has been sued in his individual rather than official capacity." *Alexander v. Walker*, 435 S.W.3d 789, 791 (Tex. 2014) (citing TEX. CIV. PRAC. & REM. CODE § 101.106(a)).

Accordingly, the applicability of subsection (a) to this suit turns on whether the suit was filed against Coughlen in his individual or official capacity. *See id.* Considering solely the pleadings, as we must under the appliable standard of review,[5] we conclude that Tran's allegations against Coughlen relate to conduct in his official capacity, not his individual capacity.

For instance, Tran alleges in her petition that Coughlen (1) is an employee of the City, (2) was operating a City law enforcement vehicle at the time of the accident, (3) was acting in the course and scope of his employment, and (4) "was performing a governmental function for [the City] at all times relevant to this lawsuit." Tran alleged further that Coughlen "disregarded a stop and go signal in a [City] police department vehicle which caused a collision with the vehicle occupied by [Tran]."

We conclude that Tran's allegations against Coughlen are based on conduct within the general scope of his employment with the City, and therefore, not against

---

[5] *See* TEX. R. CIV. P. 91a.6; *City of Dall. v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam).

11

Coughlen in his individual capacity. Because Coughlen was sued in his official capacity, section 101.106(a) does not bar Tran's suit against him. *See Stinson v. Fontenot*, 435 S.W.3d 793, 794 (Tex. 2014) (citing *Alexander*, 435 S.W.3d at 790).

We likewise conclude that, under the facts and procedural posture of this case, section 101.106(e) does not mandate dismissal of Tran's claims against Coughlen. As noted above, subsection (e) provides that when a plaintiff fails to make an election and sues both a governmental unit and its employee, "the employee[] shall immediately be dismissed *on the filing of a motion by the governmental unit*." TEX. CIV. PRAC. & REM. CODE § 101.106(e) (emphasis added). Thus, by its plain language, subsection (e) requires a motion to be filed *by the governmental unit* before the employee is entitled to dismissal. "[I]t is the filing of a motion to dismiss, not its content, that triggers the right to dismissal." *Rios*, 542 S.W.3d at 538; *see also Hung*, 2022 WL 1008805, at *4 ("The City's motion to dismiss Hung under Section 101.106(e) confirmed Hung's status as an employee and triggered his right to dismissal from the lawsuit.").

As explained by this Court in *Ledesma*, this is because subsection (e) does not *require* a governmental unit to move to dismiss its employee when both the governmental unit and the employee are sued for tort claims. *Ledesma*, 623 S.W.3d

12

at 847.[6]  Rather, because "[t]he governmental unit is in the best position to know whether its employee acted in the course and scope of employment," if the employee did not act within the course and scope of employment, the governmental unit has the option to "move to dismiss claims against itself for lack of jurisdiction." *Id.*at 847–48.  But, if the governmental unit elects to move to dismiss claims against its employee under subsection (e), "the governmental unit judicially admits that the employee was acting in the scope of employment and agrees to vicariously defend its employee." *Id.* at 848 (citing *Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 358 (Tex. 2013)).

There is no dispute here that the Rule 91a motion was filed on behalf of Coughlen only.  The City did not join Coughlen's motion,[7] nor did it file a separate motion to dismiss the claims against Coughlen.  Without a motion to dismiss filed

---

[6]  *See also Crockett Cnty. v. Damian*, 622 S.W.3d 58, 61 (Tex. App.—El Paso 2020, no pet.) ("If a plaintiff fails to make the election between the governmental unit and the employee in his individual capacity when suit is first filed and instead sues both parties, as happened here, the governmental unit can, but is not required, to file a motion to dismiss all state-law-tort claims against its employee.").

[7]  We note that the introduction paragraph of the Rule 91a motion states: "COMES NOW, Defendants, City of Houston and Sean David Coughlen, file this its Texas Rules of Civil Procedure Rule 91a Motion to Dismiss Plaintiff Yvonne Trans claims against Sean D. Coughlen as follows[.]"  But the motion is titled "Defendant Sean D. Coughlen's Rule 91a Motion to Dismiss," and only Coughlen is included in the prayer for relief.  Additionally, all parties, both in the trial court and on appeal, refer to the motion as Coughlen's motion.

by the City, Coughlen is not entitled to dismissal under section 101.106(e). *See* Tᴇх. Cɪᴠ. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ § 101.106(e); *Rios*, 542 S.W.3d at 538.

As the only bases for dismissal alleged by Coughlen are subsections (a) and (e), neither of which apply under the circumstances as detailed above, we hold that the trial court did not err by denying Coughlen's Rule 91a motion to dismiss.

We overrule Coughlen's sole issue.

## Conclusion

Because the City lacks standing to appeal the trial court's order denying Coughlen's Rule 91a motion to dismiss, we dismiss the City's appeal for want of jurisdiction.

We affirm the trial court's order in all things.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Rivas-Molloy and Gunn.